Nos. 95,209
95,210

STATE OF KANSAS, *Appellee*, v. BOBBY G. HEMPHILL, SR.,
*Appellant.*
(186 P.3d 777)

Opinion filed July 3, 2008.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: In 2003, based on pleas of no contest, Bobby G. Hemphill, Sr., was convicted and sentenced for two counts of possession of methamphetamine with intent to distribute within 1,000 feet of a school. In 2004, he filed a post-sentence motion to withdraw his pleas of no contest, which the district court denied after holding a hearing. Several months later, the defendant filed successive motions to appeal out of time from his convictions and sentence and from the denial of his motion to withdraw his pleas. Hearings were held, after which his motions were denied. In a per curiam opinion, the Court of Appeals reversed the district court's decision denying Hemphill an appeal out of time from his sentence, relying on *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and remanded for an evidentiary hearing on that question. The Court of Appeals affirmed the district court's decision denying an appeal from the disposition of his motion to withdraw his pleas as, in the panel's point of view, any error that resulted from the denial was harmless. *State v. Hemphill*, Nos. 95,209 and 95,210, unpublished opinion filed April 20, 2007. We granted the defendant's petition for review.

## Procedural History

On January 25, 2001, the defendant was charged with one count of possession of ephedrine or pseudoephedrine, one count of manufacture or attempted manufacture of methamphetamine, one count of possession of methamphetamine, one count of possession of drug-manufacturing paraphernalia, and one count of possession of drug-use paraphernalia in Reno County. On March 2, 2001, he

was charged with one count of manufacture or attempted manufacture of methamphetamine and one count of possession of drug-manufacturing paraphernalia for unrelated conduct also occurring in Reno County.

Pursuant to a plea agreement, the defendant entered no contest pleas to two counts of possession of methamphetamine with intent to sell within 1,000 feet of a school. The two cases were consolidated for sentencing purposes, and the State dismissed all other charges. On March 19, 2003, the district court imposed the sentences recommended in the plea agreement, sentencing Hemphill to 48 months' imprisonment for each conviction, to run consecutively, or 96 months' imprisonment total, with 36 months of post-release supervision. Neither the transcript of the plea hearing nor the transcript of the sentencing hearing contain an explanation of or comment on the defendant's appellate rights.

### MOTION TO WITHDRAW PLEAS

On April 21, 2004, Hemphill filed a pro se motion to withdraw his pleas in both Reno County cases, claiming that his pleas should be set aside in light of this court's decision in *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), which was decided in January 2004. In his motion, Hemphill recognized that his current convictions, which were severity level 2 offenses, were not subject to relief under *McAdam*, but the original charges filed against him, severity level 1 offenses, would have required relief under our decision. Construed liberally, the motion claimed that the defendant should be allowed to withdraw his pleas because they were involuntary and lacked a factual basis.

The district court appointed counsel to represent the defendant, held a hearing on these motions on July 23, 2004, and denied relief to the defendant. At the hearing, defendant's appointed counsel told the court that he did not believe that his client's motions had merit and explained why he felt this way. He then requested that the district court allow the defendant to stand up and make his own argument.

Addressing the court, Hemphill stated that he did not know what to argue and stated that his arguments were contained in the mo-

tion. When asked by the trial court whether he had anything to add, the defendant replied, "I don't know what I have to say. I really don't know how to go about this." He then stated, "I thought I was going to have somebody to represent me. I really don't know what to say." There is no mention of the defendant's appellate rights in the hearing transcript.

## MOTIONS TO APPEAL OUT OF TIME

On August 29, 2004, the defendant filed a motion to appeal out of time, requesting a late appeal of his underlying convictions, sentences, and the denial of his motion to withdraw his pleas pursuant to the first reason stated in *Ortiz*—that he was never informed of his right to appeal. The district court again appointed counsel to represent the defendant, and the motion was set for hearing.

The State appeared on December 3, 2004, for the hearing on the defendant's motion and presented a brief argument for denial of the motion. The defendant did not appear either in person or by appointed counsel. The district court subsequently denied the motion. The record is silent, however, on whether the defendant was ever informed of the district court's ruling from the December hearing. On January 17, 2005, the defendant filed a petition with the court inquiring as to the status of his motion. Again, the record is silent as to whether the defendant received a response to his petition.

On July 5, 2005, the defendant filed an additional motion to appeal out of time both from his underlying convictions and sentences and from the denial of his motion to withdraw his pleas. The defendant was not appointed counsel for this motion, which was heard by the district court on July 15, 2005. Once again, the State appeared and made a brief argument, but the defendant did not appear in person or by counsel. The district court denied the defendant's motion, and this appeal followed.

## COURT OF APPEALS DECISION

The Court of Appeals reversed in part and affirmed in part the decision of the district court. In particular, the court reversed that part of the district court's decision denying Hemphill's motion to

appeal his conviction and sentence out of time. *Hemphill*, slip op. at 8. The court affirmed that part of the district court's decision denying the defendant's motion to appeal out of time from the denial of his motion to withdraw his pleas of no contest. Slip op. at 7.

*Motion to Appeal Out of Time From Sentence*

Considering Hemphill's claim that the district court should have held an evidentiary hearing on whether he was ever informed of his right to appeal his sentence, the Court of Appeals found that the "record on appeal" confirmed that the defendant "was never told he had the right to appeal his sentences." Slip op. at 8. The court explained:

"We have no idea what theories Hemphill would pursue on such an appeal, or whether such a pursuit would ultimately be successful. However, we may unequivocally say that Hemphill has been done a disservice by the attorneys appointed to represent him. It appears that he was twice appointed counsel, and twice that counsel failed to appear at a hearing. The record on appeal contains no transcripts or other records of key hearings. In short, it is impossible for this court to determine whether Hemphill was prejudiced by the trial court's failure to inform him of the right to appeal his sentences." Slip op. at 8.

Under this reasoning, the Court of Appeals reversed the district court's decision denying the defendant's attempt to file an appeal from his original sentence out of time and remanded the case for an *Ortiz* hearing to determine "whether Hemphill is entitled to file an untimely notice of appeal of his sentences." Slip op. at 8.

*Motion to Appeal Out of Time From the Denial of His Motion to Withdraw His Pleas*

Without deciding whether there was evidence in the record supporting the defendant's claim that he was not informed of his right to appeal the denial of his motion to withdraw his pleas, the Court of Appeals affirmed the district court decision based upon its conclusion that any error was harmless, as no relief could be had by the defendant through an appeal:

"Given this court's ruling on the retroactivity of *McAdam*, and given the voluntariness of Hemphill's plea, there is no way Hemphill could have succeeded with his motion to withdraw his plea. Therefore, the failure to inform him of his ap-

pellate rights was harmless, and there is no need to remand this issue to the trial court for proceedings pursuant to *Ortiz*." Slip op. at 7-8.

We granted the defendant's petition for review on the issues resolved by the Court of Appeals in its decision.

## Summary of the Issues Raised in the Defendant's Petition for Review

In his petition for review and during oral argument, Hemphill asks this court to affirm that portion of the Court of Appeals decision relating to his attempted appeal from the sentence imposed. However, he argues that the portion of that opinion that affirmed the district court's denial of his request to appeal out of time the denial of his motion to withdraw his pleas is erroneous and should be reversed. We address both these claims.

### APPEAL OF SENTENCES

We agree with the decision of the Court of Appeals to remand this portion of Hemphill's case to the district court for a hearing under *Ortiz*, 230 Kan. 733. This court has held on numerous occasions that the filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 10-day period fixed by statute, it must be dismissed. See K.S.A. 22-3608; *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980). In *Ortiz*, however, we recognized a limited exception to this rule of appellate jurisdiction. "If these narrow exceptional circumstances [listed in *Ortiz*] are met, a court *must* allow an appeal out of time." (Emphasis added.) *State v. Phinney*, 280 Kan. 394, 401-02, 122 P.3d 356 (2005).

At no time during Hemphill's plea hearing or his sentencing hearing did the district court inform the defendant of his right to appeal his sentence or that notice of such an appeal must be filed in the 10 days allotted by K.S.A. 22-3608(c). Both the district court and defendant's counsel had a statutory obligation to inform him of this right under certain circumstances. See K.S.A. 22-4505(a) (district court must inform of the right to appeal a conviction and right to have counsel appointed if defendant is indigent); K.S.A. 22-3424(f) (district court has a duty at sentencing to inform defendant of the right to appeal from his or her sentence after a jury

conviction); K.A.R. 105-3-9(a)(3) (appointed counsel has a duty to inform defendant of right to appeal conviction and sentence). The absence of this information in the transcripts of the hearings, in light of the defendant's claim in his motion that he was never informed of his right to appeal from his sentence, demonstrates that a substantial question of fact exists as to whether Hemphill should be allowed a direct appeal out of time pursuant to *Ortiz*.

*Ortiz* establishes an exception to the jurisdictional aspect of filing a timely notice of appeal. As pointed out by the Court of Appeals, the record fails to demonstrate that the defendant was ever advised of his appellate rights regarding his sentence. Under these circumstances, the appropriate disposition is to remand for an *Ortiz* hearing before the district court in order to determine whether the defendant fits into the narrow exceptional circumstances outlined by *Ortiz*. We therefore affirm the portion of the Court of Appeals' decision reversing the district court and remanding for an *Ortiz* hearing.

APPEAL FROM THE DENIAL OF HEMPHILL'S MOTION TO WITHDRAW HIS PLEAS

While we agree with the Court of Appeals' analysis and disposition of Hemphill's claim regarding the right to appeal his sentences, we cannot agree with the court's treatment of the defendant's attempted appeal from denial of his motion to withdraw his pleas of no contest, nor are we able to resolve this issue on the basis of harmless error. For the reasons set forth below, we reverse the decision of the district court denying the defendant's motion to appeal the denial of his motions to withdraw his pleas, as well as that portion of the Court of Appeals' opinion affirming that decision.

Discussion

Hemphill challenges the district court's denial of his motion to appeal out of time from the denial of his motion to withdraw his pleas on three different bases:

(1) that the motion raised sufficient factual questions to require—at a minimum—an evidentiary hearing to determine whether he was informed of his right to appeal;

(2) that the two hearings on his motion to appeal out of time (one conducted in December 2004 and one conducted in January 2005) violated his constitutional right to due process; and

(3) that the manner in which the district court dismissed his successive motions to appeal out of time violated Supreme Court Rule 183(j) (2007 Kan. Ct. R. Annot. 243).

Our review of the arguments and record demonstrate that although the district court did not have a statutory duty to inform Hemphill of his right to appeal the denial of his motion to withdraw his no contest pleas, his attorney's failure to inform him of his right to an appeal denied him the right to that proceeding. We further conclude, based on the record before us, that the attorney appointed to represent the defendant regarding the motion to withdraw his pleas not only failed to inform the defendant of the right to appeal, but completely abandoned his role as counsel during the hearing on that motion. Because the representation provided by defendant's appointed counsel was egregiously ineffective and highly prejudicial, we conclude it is necessary to remand the case for a new hearing on Hemphill's motion to withdraw his pleas.

ANALYSIS

We have long recognized that a defendant has a right to a direct appeal from the denial of his or her motion to withdraw a plea. See *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995); *State v. McDaniel*, 255 Kan. 756, 758-60, 877 P.2d 961 (1994). In *McDaniel*, we assumed without deciding that such an appeal must be filed within the time frame for criminal appeals found in K.S.A. 22-3608. 255 Kan. at 761. Under the current statute, direct criminal appeals must be filed within 10 days after the district court announces its judgment. See K.S.A. 22-3608(c).

The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 10-day period fixed by statute, it must be dismissed. See K.S.A. 22-3608; *Moses*, 227 Kan. at 404. The defendant claims that a circumstance he alleges was present

in this case—that he was never informed of his right to appeal the denial of his motion to withdraw his pleas—justifies an exception.

Although the defendant frames his argument as a request for an out-of-time appeal pursuant to *Ortiz*, we find that the circumstances motivating that decision are not present here. In *Ortiz*, this court recognized limited exceptions to the rule that appellate jurisdiction requires a timely notice of appeal. A defendant may appeal a conviction and/or sentence if "(1) not informed of the rights to appeal; (2) . . . not furnished an attorney to perfect an appeal; or (3) . . . furnished an attorney for that purpose who failed to perfect and complete an appeal." *Phinney*, 280 Kan. at 401 (citing *Ortiz*, 230 Kan. at 735-36). A central motivation for this opinion was the statutory requirement that a court inform the defendant of his or her right to appeal. See *Guillory v. State*, 285 Kan. 223, 228, 170 P.3d 403 (2007); *Kargus v. State*, 284 Kan. 908, 926, 169 P.3d 307 (2007).

In this case, the district court was under no statutory obligation to inform the defendant of his right to appeal its denial of his motion to withdraw his no contest pleas. K.S.A. 22-4505(a) requires that a district court inform a defendant of his or her right to appeal *from a conviction* and the right to have counsel appointed if the defendant is indigent; K.S.A. 22-3424(f) states that a district court has a duty *at sentencing* to inform a defendant of the right to appeal from his or her sentence after a jury conviction. There is no similar statutory requirement regarding a post-sentence motion to withdraw a plea.

Likewise, the requirements for a defendant's appointed counsel are different. K.A.R. 105-3-9(a)(3), which addresses the duties of appointed counsel *after sentencing*, provides that appointed counsel must "file a notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed by the defendant." No similar requirement exists relating to post-sentencing motions to withdraw pleas.

As our discussion of these statutes and regulations demonstrates, the defendant's case is different from those where we have permitted late direct appeals under *Ortiz*. See, *e.g., Phinney*, 280 Kan. at 402 (district court has a statutory duty "to advise the defendant

of his or her right to appeal and of the right of an indigent to appeal in forma pauperis" under K.S.A. 22-3424[f]); *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998) (citing duties imposed on district courts and trial counsel by K.S.A. 22-3424[f] and K.A.R. 105-3-9[a][3]). *Ortiz* is not the appropriate avenue for relief in this case.

Although the defendant is not entitled to an appeal under the reasoning of this court's decision in *Ortiz*, he may be entitled to relief under our recent opinion in *Kargus*. In that case, we considered a K.S.A. 60-1507 movant's claim that his counsel on direct appeal was ineffective because the attorney allegedly did not follow the movant's directive to file a petition for review after the Court of Appeals affirmed the movant's conviction. 284 Kan. at 924-25. We found that *Ortiz* did not provide an appropriate remedy in that case because, similar to the case now before us, there is no statutory duty to file a petition for review after an unsuccessful appeal. 284 Kan. at 926-27. Nevertheless, we permitted the movant in that case to file a petition for review out of time under the rationale of the United States Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), because the attorney's failure to file the petition for review resulted in "a failure to preserve the right to a proceeding." 284 Kan. at 924-25. We explained:

"[W]hen a claim is made that counsel was ineffective for failing to file a petition for review following a negative outcome in a direct appeal from a felony conviction and sentence, the standards or test to be applied are: (1) If a defendant has requested that a petition for review be filed and the petition was not filed, the appellate attorney provided ineffective assistance; (2) a defendant who explicitly tells his or her attorney not to file a petition for review cannot later complain that, by following instructions, counsel performed deficiently; (3) in other situations, such as where counsel has not consulted with a defendant or a defendant's directions are unclear, the defendant must show (a) counsel's representation fell below an objective standard of reasonableness, considering all the circumstances; and (b) the defendant would have directed the filing of the petition for review. A defendant need not show that a different result would have been achieved but for counsel's performance." 284 Kan. at 928.

Applying this rationale to the facts of the case now before us, we conclude that the failure of Hemphill's appointed attorney to

discuss with him the possibility of an appeal from the unsuccessful hearing on his motion to withdraw his pleas similarly denied the defendant the right to a proceeding. A defendant has a right to appeal from the denial of a motion to withdraw a plea. See *Solomon*, 257 Kan. at 218. Moreover, because the district court appointed counsel to represent Hemphill on his motion to withdraw his pleas, the defendant may expect that counsel will provide him with effective representation. See *Kargus*, 284 Kan. at 912. One of the duties of appointed counsel is to inform a defendant of his or her right to appeal from an unfavorable resolution of his or her claims. See *Brown v. State*, 278 Kan. 481, 484, 101 P.3d 1201 (2004) (permitting a K.S.A. 60-1507 movant to file an appeal out of time from the denial of his petition when counsel failed to inform the movant of counsel's appointment, of the hearing, of the court's decision, or of the movant's right to appeal).

The transcript of the hearing on the defendant's motion to withdraw his pleas demonstrates that the defendant was not informed on the record regarding his right to appeal by either the court or his appointed counsel. The defendant claims that his counsel *never* informed him of such a right, and we find—based on counsel's actions of explaining at the hearing why he believed that his client's claim had no merit—that Hemphill has sufficiently proved this point to the court. Under *Kargus*, we conclude that counsel's failure to explain to the defendant his right to appeal the denial of his motion was objectively unreasonable. We further conclude that the defendant has demonstrated that he would have filed an appeal at the time that his motion to withdraw his pleas was denied if he had been aware of such a right. See *Kargus*, 284 Kan. at 928. We must therefore reverse the decision of the Court of Appeals affirming the district court's denial of the defendant's motion to appeal out of time the denial of his motion to withdraw his pleas.

APPROPRIATE RELIEF

In *Phinney*, we found that in the rare case where an appeal out of time was required under *Ortiz* and where the record was such that an appellate court can definitively resolve an issue to be raised on direct appeal, we may exercise our discretion to consider that

issue. 280 Kan. at 405-07. Although we resolve this case under *Kargus*, not *Ortiz*, the same principles govern our decision. See *Kargus*, 284 Kan. at 928; *Ortiz*, 230 Kan. at 735-36.

In this case, the defendant claims that he should be allowed a new hearing on his motion to withdraw his no contest pleas because his appointed counsel at the hearing on that motion completely abdicated the attorney's role as his representative. The record supports the defendant's claim. Appointed counsel for the defendant *argued against* his client's interest by explaining to the court why he did not believe the defendant's motions had merit. The defendant was then forced to argue on his own behalf even though he had requested an attorney to represent him.

The Court of Appeals considered an analogous situation in *Campbell v. State*, 34 Kan. App. 2d 8, 13-14, 114 P.3d 162 (2005). In that case, a movant in a K.S.A. 60-1507 case was appointed counsel to represent him for a hearing. The appointed attorney informed the court at the hearing that she had reviewed the motion and concluded that the movant's claims were completely without merit. Counsel then explained why she believed the court should not proceed. The Court of Appeals held that counsel's "advocacy against her client's K.S.A. 60-1507 motion" could not " 'even meet the most minimal of standards' " of the duty to assist a client. 34 Kan. App. 2d at 13 (quoting *Brown*, 278 Kan. at 484). Because the "court-appointed counsel's advocacy against her client's K.S.A. 60-1507 motion [was] both egregiously ineffective and highly prejudicial," the court reversed and remanded for a new hearing on the K.S.A. 60-1507 motion. 34 Kan. App. 2d at 14.

We similarly conclude in this case that appointed counsel's argument at the hearing on the defendant's motion to withdraw his pleas was egregiously ineffective. While attorneys have a duty of candor toward the tribunal under Kansas Rule of Professional Conduct 3.3 (2007 Kan. Ct. R. Annot. 508), this duty does not require an attorney to forsake his or her role as a client's representative. See *McDermed v. State*, 36 Kan. App. 2d 806, 810-11, 146 P.3d 222 (2006), *rev. denied* 283 Kan. 931 (2007) (where counsel effectively balanced duty of candor with duty of zealous representation). Here, appointed counsel's argument against defendant's interest

forced defendant to argue his own case, resulting in the complete abandonment of counsel's role as defendant's representative.

We also conclude that Hemphill was prejudiced by this abandonment. The defendant's pro se motion to withdraw his pleas, read liberally, raises questions regarding the voluntariness of his pleas and their factual basis. The district court apparently concluded that the defendant's motion raised substantial issues of fact or law, as the court did not summarily deny the motion but instead appointed counsel to represent the defendant and held a hearing to determine the merits. See *Jackson*, 255 Kan. at 458-61. Yet these issues were not explored at the hearing. Instead, the defendant's appointed counsel explained why he felt that the issues did not have merit, and the defendant, left to argue for himself, stated only that he did not "know how to go about this" and did not "know what to say" because he "thought [he] was going to have somebody to represent [him]."

By abdicating his role as defendant's counsel, the actions of the attorney appointed to represent Hemphill were both "egregiously ineffective" and "highly prejudicial." *Campbell*, 34 Kan. App. 2d at 14. As such, the defendant was denied effective assistance of counsel during the hearing on his motion to withdraw his pleas. See *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh. denied* 467 U.S. 1267 (1984); *Brown*, 278 Kan. at 484. The appropriate relief in this case is to grant the defendant another hearing on his motion to withdraw his pleas of no contest.

While we recognize that we could resolve this case under *Kargus* by granting Hemphill permission to file an appeal from the district court's denial of his motion to appeal from the denial of his motion to withdraw his no contest pleas, we believe the more appropriate relief is to grant the defendant a new hearing on his original motion to withdraw his pleas. In doing so, we still preserve his appellate rights in the event that the forthcoming hearing is unsuccessful. We therefore remand for a new hearing on Hemphill's motion to withdraw his pleas.

We close with two observations to be considered on remand:

First, our decision that a new hearing should be granted on the defendant's motion to withdraw his pleas renders moot the other questions raised in his petition for review. Because this case is being remanded for additional proceedings, however, we emphasize our previous holdings that even though a court need not automatically hold a hearing or appoint counsel in all post-conviction matters, when a hearing is held "at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel." *State v. Pierce*, 246 Kan. 183, 199, 787 P.2d 1189 (1990) (citing *State v. Buckland*, 245 Kan. 132, 142, 777 P.2d 745 [1989]). This procedure was not followed during the hearings on the defendant's motions to appeal out of time.

Second, we emphasize that this decision deals primarily with questions relating to the defendant's right to an appeal from the denial of his motion to withdraw his pleas. As explained previously in this opinion, we agree with the decision of the Court of Appeals as to defendant's right to an *Ortiz* hearing regarding an appeal out of time from his sentence.

The decision of the Court of Appeals reversing the district court and remanding the case for an *Ortiz* hearing is affirmed; the decision of the Court of Appeals affirming the district court's denial of the motion to appeal out of time the denial of his motion to withdraw pleas is reversed; and the case is remanded for a new hearing on the defendant's motion to withdraw his pleas of no contest.