NOT DESIGNATED FOR PUBLICATION

No. 114,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMIL MICHAEL FULTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion on remand filed
October 19, 2018. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney at Law, LLC, of Wichita, for appellant, and
*Jamil M. Fulton*, appellant pro se.

*Kristafer R. Ailslieger*, deputy solicitor general, *Jodi Litfin*, deputy district attorney, and *Derek
Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: A jury convicted Jamil Fulton of first-degree murder and criminal
possession of a firearm. The Kansas Supreme Court affirmed his convictions on direct
appeal. *State v. Fulton*, 292 Kan. 642, 256 P.3d 838 (2011). Fulton then filed a K.S.A.
60-1507 motion arguing his trial counsel provided ineffective assistance of counsel. After
an evidentiary hearing, the district court denied Fulton's motion. We affirmed the district
court's decision. *Fulton v. State*, No. 114,010, 2017 WL 3002206 (Kan. App. 2017)
(unpublished opinion). The Supreme Court has granted a partial remand so we may
consider the ineffective assistance of K.S.A. 60-1507 counsel claims Fulton raised in a

1

pro se supplemental brief. Those claims are: (1) Fulton's K.S.A. 60-1507 counsel had an inherent conflict of interest which the district court failed to investigate sua sponte; and (2) Fulton's K.S.A. 60-1507 counsel abandoned him.

Fulton filed a K.S.A. 60-1507 motion arguing ineffective assistance of trial counsel. The district court denied his motion, and Fulton appealed. In a brief filed by appellate counsel, Fulton argued the district court erred in denying his K.S.A. 60-1507 motion. Fulton also filed a pro se supplemental brief arguing his K.S.A. 60-1507 counsel was ineffective. While his issue deals with the proceedings on that motion, some prior facts are necessary to provide context for his claims.

At Fulton's trial, two witnesses testified they heard Fulton confess to killing Chris Caraway. Alonzo Lax testified he was hanging out at a friend's house in September 2005, when he overheard Fulton admit to shooting Caraway. Ian Hudson testified that in November or December 2005, he was shooting dice at a friend's house with Fulton and overheard Fulton brag that he killed Caraway for his gang stripes. Both Lax and Hudson admitted they only came forward with this information to obtain favorable plea deals. Fulton also presented testimony from a jail inmate who claimed to have overheard Lax and Hudson collaborating to commit perjury at Fulton's trial.

After Fulton's conviction, Kevin Cook, Fulton's trial counsel, moved for a new trial based on newly discovered evidence. Later, the district court granted Cook's motion to withdraw and appointed another attorney to represent Fulton. That attorney filed a supplemental motion for new trial, arguing some trial witnesses gave perjured testimony.

At a hearing on Fulton's motions, Fulton presented several witnesses, including Lax and Hudson. Both Lax and Hudson testified they lied about hearing Fulton confess to killing Caraway. They both claimed they had not discussed Fulton's case until after they gave their testimony. Lax also testified he was arrested in January 2006, bonded out in

2

December 2006, and his bond was revoked in April 2007. He did not testify about whether he was in jail in September 2005. The district court ultimately denied Fulton's motions for a new trial.

Fulton then filed a K.S.A. 60-1507 motion. He claimed Cook had provided ineffective assistance of counsel on several grounds, including failure to properly investigate several witnesses. Fulton stated he had reason to believe that Lax was incarcerated in September 2005. He alleges that if that is correct, Cook should have discovered that fact.

The district court appointed two attorneys to represent Fulton on his motion. But both attorneys had to withdraw because of conflicts of interest. The court then appointed Matt Works on November 2, 2012.

On March 8, 2013, the district court held an evidentiary hearing on Fulton's K.S.A. 60-1507 motion. Fulton and Cook both testified. Fulton said that Cook should have called more witnesses. Fulton also wanted to subpoena YCAT records to show Hudson was incarcerated when he supposedly overheard Fulton claim he killed Caraway as well as records showing Hudson and Lax were in jail together. He admitted that Cook did not really have enough time to prepare all this.

At the end of the hearing, the district court closed the evidence but told Works he could submit the YCAT records along with a supplemental brief explaining why the court should consider them. The court would then rule on whether to allow the records into evidence, and the parties would provide proposed findings of fact and conclusions of law. The court set the deadline for submission of the YCAT records and accompanying supplemental brief for April 8, 2013. The court set a deadline for Works' proposed findings and conclusions of law for June 10, 2013.

3

On April 8, 2013, Works moved to withdraw stating that Fulton was unable to pay his attorney fees and the court appointed counsel. Works stated he was overloaded with cases and could not make the motion deadline. He asked the court to allow him to withdraw or to extend the deadline.

At a hearing on April 17, 2013, the district court reset the deadlines for briefing. Fulton's supplemental brief was now due July 5, 2013, and the final brief was due August 30, 2013. Works withdrew his motion to withdraw. Fulton did not appear at this hearing, and the record on appeal includes no transcript.

On May 23, 2013, Fulton filed a pro se supplement to his K.S.A. 60-1507 motion. Fulton alleged he was unable to present evidence of perjury by the witnesses at his trial because of counsel's inadequate investigation. Fulton alleged Lax was incarcerated for most of 2005, which proved he had perjured himself. Fulton asked that YCAT records be subpoenaed for facts in the matter. In this motion, Fulton requested YCAT records for Lax. But at the evidentiary hearing, Fulton said he wanted YCAT records for Hudson. It is unclear if Fulton misspoke at the hearing, he wanted records for both Lax and Hudson, or he was inconsistent in whose records he wanted. Fulton also reiterated that Hudson admitted to perjuring himself and attached an affidavit from Hudson admitting as much. Fulton argued a conviction resting on perjured testimony violated due process and asked the district court to reverse his conviction.

On September 12, 2013, Fulton moved for new counsel. Much like Works' motion, he stated he was unable to pay attorney fees and the court appointed counsel. He added that Works had not contacted him at all to discuss his case and had not responded to any of the letters Fulton had sent to Works' law firm. He added that Works was overloaded and could not help him with his case. The district court did not rule on Fulton's motion, and Works never filed a supplemental brief or a final brief.

4

On July 21, 2014, the district court denied Fulton's K.S.A. 60-1507 motion. Almost a year later, attorney William Rork filed an untimely notice of appeal for Fulton. The Court of Appeals remanded to the district court for a hearing to determine if one of the exceptions to the requirement of a timely filed notice of appeal identified in *Albright v. State*, 292 Kan. 193, 251 P.3d 52 (2011), applied in Fulton's case. The court found that an exception did apply because Works had performed deficiently by failing to contact Fulton after the court denied his K.S.A. 60-1507 motion. The Court of Appeals retained Fulton's appeal.

Rork filed a brief on Fulton's behalf. The Court of Appeals also granted Fulton's motion to file a pro se supplemental brief over the State's objection. The State filed its brief before Fulton's pro se brief so it did not address any of Fulton's pro se arguments.

We issued an opinion affirming the district court's denial of Fulton's K.S.A. 60-1507 motion. *Fulton v. State*, No. 114,010, 2017 WL 3002206 (Kan. App. 2017) (unpublished opinion). That opinion did not address the issues raised in Fulton's pro se brief. Fulton filed a petition for review, asking the Supreme Court to review our opinion as well as the issues in his pro se supplemental brief that we did not address. The Supreme Court granted review only to those issues raised in Fulton's pro se supplemental brief and remanded to us for consideration.

*Ineffective Assistance of Counsel*

In his pro se brief, Fulton argued that Works was ineffective and asked us to remand his case to the district court for a second evidentiary hearing on his K.S.A. 60-1507 motion. He made two interrelated arguments: Works had a conflict of interest that the district court failed to investigate sua sponte; and because of this conflict of interest, Works had abandoned him by not communicating with him and failing to file the

5

supplemental brief with the YCAT records. Fulton maintained that Works' conflict of interest and abandonment denied him fair access to the courts.

Fulton has a statutory right to effective assistance of K.S.A. 60-1507 counsel. See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009). The district court did find Works deficient for failing to contact Fulton after his K.S.A. 60-1507 motion was denied. But Fulton raised these specific arguments for the first time on appeal.

In general, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). "[G]enerally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). [Citation omitted.]" *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012). An appellate court may consider a claim of ineffective assistance of counsel for the first time on appeal only when there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based on the appellate record. *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011).

We cannot resolve Fulton's ineffective assistance of counsel claim for the first time on appeal based on the current record. Fulton alleges that Works had a financial conflict of interest because Works stated in his motion to withdraw that Fulton could not pay him. See *Mickens v. Taylor*, 535 U.S. 162, 174, 122 S. Ct. 1237, 152 L. Ed. 2d. 291 (2002) (recognizing counsel's financial interests as a potential source of conflict of interest); see also *Galaviz*, 296 Kan. at 184. But this is not an inherent conflict of interest because Works was a court-appointed attorney. Court-appointed attorneys are compensated by the State, not the defendant they represent. K.S.A. 22-4507. In fact, defendants are entitled to a court-appointed attorney only if they cannot afford one.

6

K.S.A. 22-4503; K.S.A. 22-4504. Fulton alleges Works was asking for additional payment, but there is no evidence of this in the record.

Nor does the record establish why Works failed to file the YCAT records and supplemental brief. The requested records are not in the record on appeal so their contents remain unknown. While it is possible Works was deficient in failing to file these records and a supplemental brief, it is also possible that Works made a strategic decision not to file them after obtaining records that showed either Lax or Hudson was not incarcerated during the relevant time. See *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). As the claimant, Fulton bears the burden to prove that his attorney's omission did not result from strategy. *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004) ("The defendant bears the burden of demonstrating that trial counsel's alleged deficiencies were not the result of strategy."). Because Fulton has provided no evidence as to why Works did not file the YCAT records and supplemental brief, he has not met this burden.

Finally, Fulton claims Works' failure to communicate with him amounted to Works abandoning him. Fulton cites several letters he wrote to the district court asking about the status of his case. But these letters are not conclusive proof that Works completely failed to communicate with Fulton. Fulton has not shown that Works' alleged failure to communicate rose to the level of abandonment. See, e.g., *State v. Hemphill*, 286 Kan. 583, 594-95, 186 P.3d 777 (2008) (finding attorney abandoned client when attorney argued against client's interests).

Based on the current state of the record, we decline to address Fulton's ineffective assistance of counsel claim for the first time on appeal. Also, Fulton has not requested a

remand for a *Van Cleave* hearing nor has he done the ground work to entitle him to one. See *Van Cleave*, 239 Kan. at 120-21 (explaining that appellate counsel must generally do some preliminary investigation before requesting remand for *Van Cleave* hearing); see also *Mundy v. State*, 307 Kan. 280, 299-300, 408 P.3d 965 (2018). The facts here do not warrant a remand of this case for a *Van Cleave* hearing sua sponte. If Fulton wishes to pursue this claim, he may file another K.S.A. 60-1507 motion and develop the factual record below.

Affirmed.