NOT DESIGNATED FOR PUBLICATION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,541

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER J. DUNN,
*Appellant*.

Review of the judgment of the Court of Appeals in an unpublished order filed June 15, 2017. Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed May 31, 2019. Judgment of the Court of Appeals dismissing the appeal is reversed. Remanded with directions. Appellate jurisdiction is retained.

*Kai Tate Mann*, of Kansas Appellate Defender Office, was on the petition for review for appellant.

*Stephen P. Jones*, county attorney, was on the response to order to show cause for appellee.

The opinion of the court was delivered by

LUCKERT, J.:  Christopher J. Dunn seeks credit against his prison sentence for time he spent in jail awaiting disposition of his case. At the sentencing hearing, the district court ordered the jail time to be credited in the journal entry. Despite this order, after the time for an appeal from sentencing had passed, the court filed a journal entry of judgment that failed to reflect the credit as ordered at the sentencing hearing. Dunn filed a pro se motion for jail-time credit, which the district court denied. Dunn appealed, but he did so after the deadline for filing an appeal from either the order of sentencing or the order

1

denying his motion. The Court of Appeals issued an order to show cause why the appeal should not be dismissed as untimely. Dunn responded, arguing the judicial exceptions to the general bar of untimely appeals recognized in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), applied and allowed him to bring an out-of-time appeal. The Court of Appeals dismissed the appeal without explaining why it was rejecting Dunn's arguments. We summarily vacate that order, concluding Dunn has sufficiently alleged the potential for one or more *Ortiz* exceptions to apply. But factual questions prevent our determination that an exception saves Dunn's late appeal from dismissal. We thus remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Dunn pleaded no contest to one count of possession of cocaine with the intent to distribute. He did so based on a plea agreement in which the State agreed to dismiss multiple pending charges, support his motion for downward durational departure, and ask the district judge to award jail credit toward his sentence for Dunn's time spent in the Labette County jail. According to the transcript of the sentencing hearing, the district judge granted Dunn's departure motion and ordered the requested jail-time credit. The attorneys informed the judge they had not yet calculated the number of jail credit days involved or the sentence begins date. These determinations were necessary because judges journalize jail credit through the sentence begins date. If the judge allows a credit, the sentence begins date is not the date of sentencing. Instead, the judge and parties calculate the sentence begins date by starting with the sentencing date and then counting back in time by the number of days of awarded jail credit. By statute, the sentencing judge must include the sentence begins date in the sentencing journal entry. See K.S.A. 2018 Supp. 21-6615.

2

Dunn's deadline for appealing his sentence expired before the journal entry of sentencing was filed. See K.S.A. 2018 Supp. 22-3608(c) (requiring appeal to be filed within 14 days of sentencing hearing). But during the 14-day period, Dunn had no apparent reason to file an appeal because he had entered a plea and the judge had sentenced him as he had requested.

With the filing of the journal entry of sentencing more than a month later, things changed. The journal entry did not include credit for the 165 days from March 18, 2016, to August 30, 2016, that Dunn had spent in the Labette County jail—days Dunn understood the district judge to have credited during the sentencing hearing. Dunn filed a pro se motion for jail credit. The district judge denied his motion.

Dunn then filed a pro se notice of appeal, but he did so after the deadline had passed for either a timely direct appeal of his sentencing or a timely appeal of the order denying his motion for jail credit—both of which his notice of appeal seems to address. Dunn's pro se notice of appeal clearly indicates that Dunn appeals from the order denying his motion for jail credit and also seems to challenge the journal entry of sentencing as erroneous. Dunn also states in his notice of appeal that he was denied effective assistance of counsel because his court-appointed trial attorney failed "to adequately defend the best interest of the defendant and fail[ed] to properly represent the defendant by not notifying the court of the error in the jail time credit to be awarded." A day after Dunn filed his untimely notice of appeal, the district court appointed a different attorney to represent Dunn on appeal. That counsel docketed this appeal in the Court of Appeals, citing in the docketing statement K.S.A. 2018 Supp. 22-3601(a) (appeal from a final judgment) and K.S.A. 2018 Supp. 22-3602(a) (appeal from any judgment against the defendant) as the statutory authority for this appeal.

Upon docketing, the Court of Appeals issued a show cause order requiring the parties to explain why Dunn's appeal should not be dismissed as untimely. In response, Dunn argued the Court of Appeals should allow his untimely appeal under one or more of the judicial exceptions to the general rule barring untimely appeals created in *Ortiz*, 230 Kan. 733, Syl. ¶ 3, which we revisit below in our analysis. Dunn focused on the second *Ortiz* exception, which permits an untimely appeal when an indigent defendant is entitled to, but not furnished, an attorney to appeal. He supported his argument with an affidavit. (Some arguments therein can be construed to implicate the first exception as well. And later, before us, Dunn also asserted the third *Ortiz* exception might apply.) The State argued only that Dunn had to appeal within 14 days of sentencing. It did not address the timeliness of an appeal from the denial of Dunn's jail credit motion. The Court of Appeals noted the responses to its show cause order and summarily dismissed Dunn's appeal without remand for an evidentiary hearing and without a request for briefing.

This court granted Dunn's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

ANALYSIS

Before us, Dunn again asserts the *Ortiz* exceptions should be applied and this court should reinstate jurisdiction over his appeal. The lack of clarity in the Court of Appeals decision about why that court dismissed the appeal complicates our review. Additional complications arise because Dunn's pro se notice of appeal, while clearly appealing from the order denying his motion for jail credit, does not as clearly state he was appealing the sentencing order. Despite the lack of clarity, we can discern two tracks of analysis the Court of Appeals might have adopted. First, it might have concluded Dunn did not file the type of appeal to which we have applied the *Ortiz* exceptions. Second, it might have concluded Dunn had not established he should be allowed to bring his appeal out of time

4

under an *Ortiz* exception. Some background about *Ortiz* and its exceptions helps explain these possibilities.

To reiterate, in *Ortiz*, this court recognized that fundamental fairness required exercising jurisdiction over an untimely direct appeal—that is, an appeal from a conviction and sentence—if one of three exceptions applied: (1) The sentencing court did not inform the defendant of the right to appeal; (2) the sentencing court did not appoint an attorney to pursue an appeal for an indigent defendant; or (3) the defendant's attorney failed to file and perfect the appeal. 230 Kan. at 735-36. In *State v. Patton*, 287 Kan. 200, Syl. ¶¶ 4, 6, 9, 10, 195 P.3d 753 (2008), we explained the *Ortiz* exceptions are based on procedural due process principles and the right to effective assistance of appointed counsel. The due process guarantee arises from K.S.A. 2018 Supp. 22-3424(f), which requires a sentencing judge to inform a defendant at sentencing of the right to appeal and the right for an indigent defendant to have an attorney appointed to take a desired appeal. See *Patton*, 287 Kan. at 219. Indigent defendants with appointed counsel have a right to receive adequate representation, including representation that will not result in the forfeiture of a proceeding such as an appeal. See *Kargus v. State*, 284 Kan. 908, 911-16, 169 P.3d 307 (2007) (discussing right to have appointed counsel provide effective representation throughout all stages of direct appeals); *Brown v. State*, 278 Kan. 481, 484, 101 P.3d 1201 (2004) (permitting K.S.A. 60-1507 petitioner to file appeal out of time from denial of his petition when counsel failed to inform the petitioner of counsel's appointment, of the hearing, of the judge's decision, or of petitioner's right to appeal).

1. *An* Ortiz *Exception May Apply*.

Dunn's arguments implicate these interests because he asserts he was unaware of the statutory deadline, he had no attorney to file his appeal, and he was unable to file

5

personally an appeal within the time limit. Thus, if this appeal arises as a direct appeal, Dunn has alleged *Ortiz* exceptions, which if found valid, would allow a late appeal.

Those exceptions may not apply if Dunn's appeal relates solely to his motion for jail credit, however. When a postconviction motion, such as a motion for jail credit, is at issue, no statute imposes a duty on the judge to inform the defendant of the right to appeal. Nor does any statute require a judge to appoint an attorney to bring a postsentencing motion. See *State v. Hemphill*, 286 Kan. 583, 591-92, 186 P.3d 777 (2008) (holding "*Ortiz* [was] not the appropriate avenue for relief in" untimely appeal from postsentencing motion to withdraw plea); *Guillory v. State*, 285 Kan. 223, 228-29, 170 P.3d 403 (2007) (holding *Ortiz* did not apply to appeal of K.S.A. 60-1507 motion untimely filed).

Perhaps because Dunn filed his motion for jail credit and notice of appeal pro se he has no claim of ineffective assistance of counsel arising from that portion of the proceeding. See *Guillory*, 285 Kan. at 229 (holding pro se litigants are not excused from requirement to be aware of and follow the rules of procedure, including filing a timely notice of appeal). But we note that some Court of Appeals panels have allowed *Ortiz* hearings when other defendants have filed untimely appeals from rulings on motions for jail credit. See, e.g., *State v. Ramsey*, No. 111,163, 2015 WL 6444242, at *1 (Kan. App. 2015) (unpublished opinion) (appeal after remand for *Ortiz* hearing), *rev. denied* 304 Kan. 1021 (2016); *State v. Harbacek*, No. 111,687, 2015 WL 3632321, at *2 (Kan. App. 2015) (unpublished opinion) (same).

We need not resolve whether the *Ortiz* exceptions apply if Dunn's appeal depends solely on his motion for jail credit because we conclude this is a direct appeal. Our path to that conclusion begins with the general rule that Kansas appellate courts liberally construe pro se notices of appeal "'to assure justice in every proceeding.'" *State v. Laurel*,

6

299 Kan. 668, 673-74, 325 P.3d 1154 (2014); see *Fuller v. State*, 303 Kan. 478, 492-93, 363 P.3d 373 (2015) (broadly reading notice of appeal to confer jurisdiction over multiple orders even though it explicitly identified only one order because the other orders were referenced in or related to the identified order and no one would be misled, surprised, or prejudiced). Liberally construed, Dunn's notice of appeal alleges: (1) his trial counsel was ineffective for failing to notify the district judge about the error in the jail credit awarded on the journal entry of sentencing; (2) he is statutorily entitled to that jail credit; (3) trial counsel had a duty to protect this statutory right; and (4) the failure to award jail credit renders his sentence illegal. These claims overlap with his motion for jail credit but also assert questions that are factually and legally distinguishable from those raised in his motion. These distinct claims convey his appeal is a direct appeal. Further, the docketing statement cites K.S.A. 2018 Supp. 22-3601(a), relating to appeals from final judgment in a criminal case, as the basis for appeal. "The final judgment in a criminal case is the sentence. [Citation omitted.]" *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016). In other words, he raises issues arising on direct appeal from the sentence. And by citing *Ortiz* exceptions, he has put into play the possibility his direct appeal would be considered timely filed.

2. *Dunn Has Not Yet Established an* Ortiz *Exception; Remand Warranted*

More specifically, Dunn argues he was not aware of the deadline for a direct appeal and the district judge did not appoint an attorney to file an appeal. This argument could implicate the first and second *Ortiz* exceptions. He also argues the record is insufficient to determine whether the attorney who had represented him at sentencing failed to discuss the possibility of an appeal with him. As Dunn argues in his petition for review, this allegation might implicate the third *Ortiz* exception.

Because these allegations relate to the journal entry memorializing the sentence, we conclude they relate to Dunn's direct appeal and the Court of Appeals should have considered the exceptions. It may be that Dunn's arguments about the exceptions lack merit. But it is premature to make that determination because the *Ortiz* exceptions raise factual questions. And "[a]n appellate court does not weigh evidence to find facts." *State v. Ransom*, 289 Kan. 373, 380, 212 P.3d 203 (2009). Thus, a remand to district court for fact-finding is often necessary when a defendant raises the *Ortiz* exceptions on appeal. On occasion, however, we have held a remand is unnecessary when the record presents uncontroverted facts supporting an *Ortiz* exception. See, e.g., *State v. Phinney*, 280 Kan. 394, Syl. ¶ 7, 122 P.3d 356 (2005) (holding remand to district court unnecessary where record on appeal factually and legally supports determination that *Ortiz* exception applies). But this is not such a case. Dunn's allegations rest largely on whether Dunn's trial counsel performed deficiently and upon communications (or lack thereof) between Dunn and his counsel about an appeal. These questions raise issues of fact about which the record on appeal is virtually silent. Thus, a remand for factual determinations is necessary.

Dunn also raises questions of fact about whether his right to effective assistance of counsel was violated. When a defendant makes allegations of ineffective assistance of counsel for the first time on appeal, we may remand to the district court for findings of fact. *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986). Dunn has not yet had an opportunity to make a request for a remand because his appeal was dismissed before any briefs had been filed. Nevertheless, we sua sponte determine a remand under *Van Cleave* is appropriate for reasons of judicial economy given the overlapping nature of these claims with the basis for the possible application of *Ortiz* exceptions.

8

We, therefore, remand to the district court for the appointment of new counsel for Dunn and for further proceedings under *Ortiz* and *Van Cleave*. For judicial efficiency, we are not restricting the scope of remand to the *Ortiz* and *Van Cleave* issues only, however. Instead, we will allow the district court to consider any other issue raised by the parties.

We take this step because our review reveals at least two potential issues that could cause Dunn's *Ortiz* and *Van Cleave* arguments to become moot. First, we note that Dunn's docketing statement shows his earliest possible release date is March 13, 2019. While we have not received notice of a change of custody, we recognize Dunn could have completed his sentence or could do so almost any day. Further, at least on the record before us, it appears a nunc pro tunc order could be appropriate and such an order might render moot all issues. See K.S.A. 2018 Supp. 22-3504(2) ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."); *State v. Potts*, 304 Kan. 687, 707-08, 374 P.3d 639 (2016) (holding district court must correct journal entry reflecting sentence different from one announced at sentencing hearing).

If these or other concerns do not render the *Ortiz* and *Van Cleave* issues moot, the district court should consider those issues and make the appropriate findings.

We also order the parties to file a copy of the district judge's final decision on remand in this court no later than 30 days after its entry.

If Dunn wishes to seek appellate review of any adverse decision from the district judge made upon remand, he may submit an amended notice of appeal within 14 days of

the entry of that judgment. If he does so, he must also file in this court any other documents that would be required for docketing an appeal in the first instance under Supreme Court Rule 2.04(a)(1) (2019 Kan. S. Ct. R. 15). If Dunn wishes to terminate this appeal, a notice of such should be filed.

Judgment of the Court of Appeals dismissing the appeal is reversed. The case is remanded with directions. Appellate jurisdiction is retained.