NOT DESIGNATED FOR PUBLICATION

No. 121,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of J.S.

MEMORANDUM OPINION

Appeal from Geary District Court; CHARLES A. ZIMMERMAN, magistrate judge. Opinion filed
June 12, 2020. Appeal dismissed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Michelle Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: J.S. appeals from his 1991 admission to the complaint as charged to
felony theft of a motor vehicle, resulting in his adjudication as a juvenile offender, and
from the juvenile sentence imposed upon him. Twenty-six years after his adjudication
and sentence, J.S. filed an untimely notice of appeal from his conviction and sentence,
claiming defense counsel failed to perfect his appeal and that the district court failed to
inform him of his right to appeal. The district court denied this motion. After review, we
dismiss this appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 1991, the State charged J.S., a juvenile, in a single count complaint
with theft of an automobile valued at more than $500. On June 12, 1991, pursuant to a
negotiated plea agreement, J.S. entered an admission to the charge, and the Geary County

1

District Court adjudicated him to be a juvenile offender. The district court placed him on one year of probation. The journal entry stated J.S. "knowingly, voluntarily and intelligently waived all applicable Fifth and Sixth Amendment rights under federal and state constitutions" and that the district court accepted J.S.'s plea. On September 16, 1992, he was discharged from probation.

On November 8, 2017, J.S. filed a pro se notice of appeal out of time. This filing stated that his attorney failed to perfect or complete an appeal of his sentence and conviction. He argued his attorney had an obligation to file his appeal and that his attorney and the district court failed to inform him of his right to appeal his sentence and conviction.

On May 29, 2018, J.S. filed an "Affidavit in Support of Notice of Appeal Out of Time," in which he stated he did not "recall" the district court or his attorney advising him of his right to appeal his sentence. J.S. also stated he learned from another inmate that the district court failed to advise him of his rights under K.S.A. 38-1633 (now K.S.A. 2019 Supp. 38-2344) and that, as such, his rights to a jury trial were violated.

On March 4, 2019, J.S. appeared in the district court for a hearing on his untimely notice of appeal, and he advised the district court judge that to "the best of [his] recollection" he was not advised of his rights to a jury trial or his rights to appeal. The district court ultimately ruled that J.S. submitted his notice of appeal and corresponding motions out of time and dismissed the matter.

J.S. now timely appeals the dismissal of his untimely notice of appeal.

ANALYSIS

J.S. makes two arguments on appeal. First, he argues he should be allowed to appeal out of time because the district court failed to advise him of his right to appeal. Second, J.S. argues the district court failed to notify him of his rights under K.S.A. 38-1633 (Ensley 1986) and, therefore, his adjudication cannot stand. We can only reach J.S.'s second argument if we have jurisdiction over his appeal.

An appellate court exercises "unlimited review over the issue of appellate jurisdiction." *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). To the extent resolution of this case requires interpretation of a statute, such an issue is reviewed de novo. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

In 1991, J.S. had 10 days to file his notice of appeal. K.S.A. 38-1681(b) (Ensley 1986). As J.S. concedes: "Kansas appellate courts have jurisdiction only as provided by law, see K.S.A. 22-3608, and an untimely notice of appeal usually leads to dismissal of an action." *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008). However, the Kansas Supreme Court has carved out limited exceptions to this general rule in three situations when the defendant was: (1) not informed of his or her rights to appeal, (2) not provided an attorney to exercise those rights, or (3) provided an attorney for that purpose who then failed to perfect and complete an appeal. *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982).

Another panel of this court recently addressed the exact issue that J.S. now raises in *In re I.A.*, 57 Kan. App. 2d 145, 450 P.3d 347 (2019), *rev. granted* 311 Kan. __ (February 25, 2020). In that case, the district court denied the respondent's untimely notice of appeal in his juvenile offender case, and I.A. argued before a panel of our court that such an action was in error because at his initial adjudication the district court never informed him of his right to appeal. 57 Kan. App. 2d at 146-47. The *In re I.A.* panel

dismissed the appeal for lack of jurisdiction, holding that the first *Ortiz* exception only applies when a statute affirmatively requires the district court inform a defendant of his or her right to appeal and that the Kansas Juvenile Justice Code lacks such a provision. 57 Kan. App. 2d at 152-53. Although not binding, we find the reasoning in that case sound, and elect to follow it here.

In Kansas, the right to appeal is purely statutory and is not a right contained in the United States or Kansas Constitutions. *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008). In *Patton*, 287 Kan. at 219-20, the Kansas Supreme Court made clear that the first *Ortiz* exception applies where a defendant's failure to timely appeal was caused by the deprivation of a right to which that defendant was entitled by law. See *In re I.A.*, 57 Kan. App. 2d at 150 (discussing *Patton*).

On appeal, J.S. claims he was deprived of his right to be advised by the district court that he had a right to appeal. However, unlike the statutes in the Kansas Code of Criminal Procedure, which are applicable in adult proceedings, there is no statutory requirement in the revised Kansas Juvenile Justice Code that a court must advise a juvenile that he or she had the right to appeal from an order of adjudication or sentencing. Likewise, there is nothing directing the court to inform a juvenile of his or her right to the assistance of counsel to pursue an appeal. See K.S.A. 2019 Supp. 38-2344(b)(1)-(6) (before entering plea district court must inform juvenile of nature of charges, presumption of innocence, right to jury trial without unnecessary delay, right to confront and cross-examine witnesses, right to subpoena witnesses, right not to testify, and sentencing alternatives).

Additionally, we note that the procedure for an appeal from an order of adjudication or sentencing in juvenile offender proceedings is governed by the Kansas Code of Civil Procedure. K.S.A. 2019 Supp. 38-2380(b); see K.S.A. 2019 Supp. 38-2382(c). The only exception to the 30-day limitation to bring an appeal under the Code of

4

Civil Procedure is "upon a showing of excusable neglect" by the party. K.S.A. 2019 Supp. 60-2103(a).

The panel in *In re I.A.*, 57 Kan. App. 2d at 151-53, relied on two Kansas Supreme Court cases to support its conclusion that exceptions to the requirement of a timely filed notice of appeal apply only if a defendant's failure to timely appeal was caused by the deprivation of a right which is provided by law.

First, in *Guillory v. State*, 285 Kan. 223, 170 P.3d 403 (2007), the defendant pled nolo contendere to first-degree premeditated murder. Guillory filed a pro se motion for relief under K.S.A. 60-1507 after the time for a direct appeal had run. The district court summarily denied the relief Guillory requested in his motion. He later filed an untimely pro se notice of appeal from the summary denial of his K.S.A. 60-1507 motion.

On appeal, a panel of our court issued a show cause order asking the parties to explain why the appeal should not be dismissed for lack of jurisdiction given that the appeal was not filed within the time required by K.S.A. 60-2103(a). Guillory responded that his untimely notice of appeal was permitted under the first *Ortiz* exception because the district court did not inform him of his right to appeal the decision denying his 60-1507 motion. The Court of Appeals panel held that none of the *Ortiz* exceptions applied to appeals in 60-1507 cases and dismissed the appeal for lack of jurisdiction. *Guillory*, 285 Kan. at 224. The Kansas Supreme Court granted Guillory's petition for review and, like the Court of Appeals, determined it was without jurisdiction to consider the appeal. See *In re I.A.*, 57 Kan. App. 2d at 151.

"A fatal flaw in Guillory's argument is that the first *Ortiz* exception, excusing an untimely notice of appeal where the defendant was not informed of the right to appeal, was based on the fact that a criminal defendant has a statutory right to be advised of his or her right to a direct appeal. K.S.A. 22-3424(f) requires the sentencing court to inform

criminal defendants of the right to appeal. In contrast, there is no statutory requirement that the district court advise a K.S.A. 60-1507 [movant] of the right to appeal the decision on his or her [motion].

"The fundamental fairness principle underlying all three exceptions recognized in *Ortiz* and its progeny is based on the facts that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal.

. . . .

"As far as the filing of a timely notice of appeal is concerned, a pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. [Citations omitted.]" *Guillory*, 285 Kan. at 228-29.

Second, the *In re I.A.* panel's conclusion that the first *Ortiz* exception does not apply in a juvenile offender case was supported by *State v. Hemphill*, 286 Kan. 583, 591, 186 P.3d 777 (2008). In *Hemphill*, the district court denied Hemphill's postsentence motion to withdraw his no contest pleas. Hemphill filed an untimely appeal from the district court's decision, arguing that he was never informed of his right to appeal from the denial of a motion to withdraw plea and, therefore, the first *Ortiz* exception was applicable to excuse his untimeliness. The Kansas Supreme Court disagreed and held the first *Ortiz* exception did not apply under the facts of *Hemphill*. The court noted that the district court was under no statutory obligation to inform a defendant of his or her right to appeal the denial of a motion to withdraw plea.

"K.S.A. 22-4505(a) requires that a district court inform a defendant of his or her right to appeal *from a conviction* and the right to have counsel appointed if the defendant is indigent; K.S.A. 22-3424(f) states that a district court has a duty *at sentencing* to inform a defendant of the right to appeal from his or her sentence after a jury conviction. There is no similar statutory requirement regarding a post-sentence motion to withdraw a plea." 286 Kan. at 591.

6

The *In re I.A.* panel expounded on the Kansas Supreme Court's logic in *Hemphill*, and we find the following logic especially compelling:

"Unlike the Kansas Code of Criminal Procedure, nothing within the revised Kansas Juvenile Justice Code requires the court presiding over a juvenile matter to affirmatively advise the juvenile of the statutory right to appeal an adjudication or sentence. The juvenile justice code outlines the juvenile process in detail and contains several cross-references to other statutory provisions, including some in the code of criminal procedure. See K.S.A. 2018 Supp. 38-2330(f) (providing that, in certain circumstances, code of criminal procedure relating to appearance bonds and review of conditions and release shall be applicable to appearance bonds in juvenile proceedings); K.S.A. 2018 Supp. 38-2303(c) (setting time limits to commence juvenile proceedings for any act committed by juvenile which, if committed by adult, would constitute sexually violent crime as defined in K.S.A. 2018 Supp. 22-3717); K.S.A. 2018 Supp. 38-2389(c)(5) (providing that juvenile is not required to register as offender under Kansas Offender Registration Act, K.S.A. 22-4901, as result of adjudication under this section); K.S.A. 2018 Supp. 38-2356(c) (upon finding by court that juvenile committed offense charged but is not responsible because of mental disease or defect, juvenile shall be committed to state hospital and subject to annual review and potential discharge as provided by K.S.A. 2018 Supp. 22-3428a). Had the Legislature intended to incorporate the provisions of K.S.A. 2018 Supp. 22-3424(f) requiring the court to advise a criminal defendant of his or her right to appeal, it would have specifically identified the statute for that purpose. See *State v. Phinney*, 280 Kan. 394, 402, 122 P.3d 356 (2005) (requirement that defendant be fully advised of his or her right to appeal under K.S.A. 22-3424[f] is not limited to defendants who are convicted after trial; same rule applies to defendants who plead guilty and forego trial)." *In re I.A.*, 57 Kan. App. 2d at 152-53.

We find no authority to the contrary. See *In re Schaffer*, No. 120,630, 2019 WL 4123491, at *5 (Kan. App. 2019) (unpublished opinion) (applying *In re I.A.* and finding the first *Ortiz* exception does not apply in juvenile offender appeals). We similarly hold that the district court was not required by law to advise J.S. of his statutory right to appeal, and the first *Ortiz* exception, which J.S. argues was applicable to him before this

court, does not apply in a juvenile adjudication. Consequently, we do not have the necessary jurisdiction to consider the underlying merits of J.S.'s appeal. We dismiss this case for lack of jurisdiction.

Appeal dismissed.