No. 118,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of I.A.

SYLLABUS BY THE COURT

1.

The issue of appellate jurisdiction is one of law over which an appellate court has unlimited review. The right to appeal is purely statutory and is not a right contained in the United States or Kansas Constitutions.

2.

Kansas appellate courts have jurisdiction only as provided by law, and an untimely notice of appeal usually leads to dismissal of an action.

3.

Exceptions to the requirement of a timely filed notice of appeal apply only if a defendant's failure to timely appeal was caused by the deprivation of a right which is provided by law.

4.

Nothing within the revised Kansas Juvenile Justice Code requires a district court to affirmatively advise the juvenile of the statutory right to appeal an adjudication or sentence.

1

5.

There is no statutory justification to extend any exceptions to the requirement of a timely filed notice of appeal to a juvenile offender proceeding, which is civil in nature and governed by the Kansas Code of Civil Procedure.

Appeal from Johnson District Court; JOHN P. BENNETT, judge. Opinion filed August 16, 2019. Appeal dismissed.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, for appellant.

*Andrew J. Jennings*, assistant district attorney, and *Stephen M. Howe*, district attorney, for appellee.

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

STANDRIDGE, J.: I.A. appeals from two 1998 juvenile adjudications for reckless aggravated battery and his sentences of probation and restitution as a result of those adjudications. I.A. argues he is entitled to a new trial because the district court failed to advise him of his right to a trial by jury and failed to obtain a knowing and voluntary waiver of this right. For the reasons stated below, we dismiss appeal for lack of jurisdiction.

FACTS

On August 30, 1998, just a few months before his 18th birthday, I.A. and his friends randomly were shooting BB pellets at people driving in their cars. I.A. originally was charged with one count of aggravated battery. The State later amended the complaint to charge eight additional offenses. The parties eventually entered into a deal where I.A. agreed to plead guilty to two counts of reckless aggravated battery in exchange for the State's dismissal of the remaining seven counts. The court held a plea hearing on

2

November 30, 1998. The district court advised I.A. of the rights enumerated in K.S.A. 38-1633(b). The district court then found a factual basis for I.A.'s guilty pleas and adjudicated I.A. a juvenile offender. The court sentenced I.A. to probation for one year and ordered I.A. to pay $685.55 in restitution. About a year later, the court granted the State's motion for release of jurisdiction, finding that I.A. had satisfied the conditions of his probation and paid the required court costs.

On August 1, 2017, over 18 years after I.A. pled guilty and was sentenced as a juvenile offender, I.A. filed a pro se request to file a direct appeal out of time. In support of this request, I.A. expressed his desire to challenge the district court's failure to advise him of his right to a trial by jury and its failure to obtain a knowing and voluntary waiver of that right. Appellate counsel was appointed.

On February 12, 2018, this court issued a show cause order asking the parties to explain why I.A.'s appeal should not be dismissed for lack of jurisdiction given the 18-year delay between sentencing and appeal. In response to our order, I.A. claimed he had not been informed of his right to appeal when he was adjudicated and sentenced in 1998, which meant that he qualified for an exception to the requirement that a timely notice of appeal be filed. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982) (late appeal permitted if one of three exceptions applies, first of which is when defendant was not informed of right to appeal). I.A. also noted in his response that a transcript of the plea and sentencing had been requested but had not yet been produced. The court reporter later advised that, notwithstanding her good faith effort to transcribe the 18-year-old audio cassette tapes that were used to record I.A.'s court appearances, the tapes could not be played in a format that would enable the transcript to be produced.

We ultimately remanded the matter to the district court with instructions to hold a hearing and make factual findings with regard to I.A.'s claim that he had not been informed of his right to appeal when he was adjudicated and sentenced in 1998. In

3

addition to these factual findings, we also invited the district court to make legal findings about whether *Ortiz* protections would have applied to I.A. at the time of his adjudication and sentencing.

The district court held the *Ortiz* hearing as planned. The transcript of the *Ortiz* hearing is not included in the record on appeal. After the hearing, however, the district court entered an order finding I.A. had not been informed of his right to appeal after he was adjudicated and sentenced as a juvenile offender in 1998. Relying on the first *Ortiz* exception, the district court granted I.A.'s motion to file his appeal out of time. Perhaps because it was concerned about exceeding the jurisdictional limits of the remand, however, the district court did not answer the underlying legal question of whether any *Ortiz* exception would have applied to I.A. when he was adjudicated and sentenced in 1998.

After the district court issued its order, this court established a briefing schedule and set the matter on its summary calendar for hearing. After reading the briefs submitted by the parties, however, we realized that this appeal could not be resolved without addressing the issue of law that was left unanswered by the district court: whether the first *Ortiz* exception would have applied to I.A. at the time of his juvenile adjudication and sentencing in 1998. Because this is purely a question of law, and one of first impression in Kansas, we sought input from the parties on the legal issue. Accordingly, we ordered the parties to submit supplemental briefs to address the purely legal component of appellate jurisdiction under *Ortiz* presented by the facts of this case: whether *Ortiz* applied to I.A. when he was adjudicated and sentenced. The parties submitted the supplemental briefs as requested, and we are now ready to rule.

4

Given the procedural posture of this case, we must decide whether we have jurisdiction to consider I.A.'s out-of-time direct appeal. It is only if we have jurisdiction that we can move on to the underlying merits of I.A.'s claim on appeal: that he is entitled to a new trial because the district court failed to advise him of his right to a trial by jury and failed to obtain a knowing and voluntary waiver of this right.

The issue of appellate jurisdiction is one of law over which this court has unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is purely statutory and not a right contained in the United States or Kansas Constitutions. *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008). An appellate court has a duty to question jurisdiction on its own initiative. If the record reveals that jurisdiction does not exist, the appeal must be dismissed. *State v. Marinelli*, 307 Kan. 768, 769, 415 P.3d 405 (2018). To the extent this case requires interpretation of a statute, such an issue also is governed by a de novo standard. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

In response to our order requesting the parties to explain why the case should not be dismissed for lack of jurisdiction, I.A. concedes he did not file his appeal within 10 days after entry of sentence as required by the statute. Nevertheless, he claims he was not informed of his right to appeal when he was adjudicated and sentenced in 1998, which meant that he qualified for the first *Ortiz* exception to the requirement that a timely notice of appeal be filed.

The State does not dispute I.A.'s claim that he was not informed of his right to appeal after he was adjudicated and sentenced in 1998. But the State disagrees with I.A.'s contention that the presumed failure of the juvenile court to inform him of his right to appeal qualifies under the first *Ortiz* exception to filing a timely appeal. Specifically, the

State argues the *Ortiz* exceptions did not apply to juvenile proceedings in 1998 when I.A. was adjudicated and sentenced; instead, the State argues such protections were limited to adult criminal proceedings.

Given the parties' positions, we must decide as a matter of law whether the first *Ortiz* exception applies to juvenile proceedings. We begin with a brief summary of *Ortiz* and the later cases construing its holding.

"Kansas appellate courts have jurisdiction only as provided by law, see K.S.A. 22-3608, and an untimely notice of appeal usually leads to dismissal of an action." *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008). The Kansas Supreme Court has carved out limited exceptions to this general rule when one of three circumstances exist: (1) a defendant was not informed of his or her rights to appeal, (2) a defendant was not furnished an attorney to exercise those rights, or (3) a defendant was furnished an attorney for that purpose who then failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36.

Relevant here, the first *Ortiz* exception addresses failures of basic procedural due process. In *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 49 P.3d 1274 (2002), our Supreme Court explained the standard for evaluating a procedural due process claim:

> "'The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. In reviewing a procedural due process claim the court must first determine whether a protected liberty or property interest is involved and, if it is, the court must then determine the nature and extent of the process which is due. A due process violation can be established only if the claimant is able to establish that he or she was denied a specific procedural protection to which he or she is entitled. The question of the procedural protection that must accompany a deprivation of a particular property right or liberty interest is resolved by a balancing test, weighing (1) the individual interest at stake, (2) the risk of erroneous deprivation of the

interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that the additional or substitute procedures would entail. The question of what process is due in a given case is a question of law. [Citations omitted.]'" 274 Kan. at 409-10.

In discussing the principles of procedural due process upon which the first *Ortiz* exception is grounded, our Supreme Court held as follows:

"Three Kansas statutes provide specific procedural safeguards of the right to appeal by certain criminal defendants. First, K.S.A. 22-3210(a)(2) requires a judge who accepts a felony guilty or nolo contendere plea to inform the defendant of the 'consequences' of the plea. These consequences include waiver of the right to appeal any resulting conviction. K.S.A. 22-3424(f) instructs that a sentencing judge must inform a defendant who has gone to trial of 'defendant's right to appeal' and of the right of a person who is unable to pay the costs of an appeal to appeal *in forma pauperis*. . . . [W]e hold explicitly that the requirements of K.S.A. 22-3424(f) apply regardless of whether a defendant went to trial and regardless of whether he or she is indigent. K.S.A. 22-4505 requires the district judge to inform an indigent felony defendant of the 'right to appeal . . . [a] conviction' and the right to have an attorney appointed and a transcript of the trial record produced for that purpose.

"Due process is denied—and an out-of-time appeal may be permissible under the first *Ortiz* exception—if a district judge fails to abide by one of these statutes, as they have been interpreted by our earlier case law. Thus a district judge must inform a criminal defendant at sentencing, regardless of whether the defendant has entered a plea or gone to trial, that: (1) a right to appeal the severity level of the sentence exists; (2) any such appeal must be taken within 10 days; and (3) if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal. Compare Fed. R. Crim. P. 32(j) (allocating to court responsibility to inform criminal defendant of right to appeal). [Citations omitted.]" *Patton*, 287 Kan. at 219-20.

As our Supreme Court has made clear, the first *Ortiz* exception applies where a defendant's failure to timely appeal was caused by the deprivation of a right to which that

7

defendant was entitled by law. I.A. claims he was deprived of his right to be advised by the court that he had a right to appeal. But unlike the statutes in the Kansas Code of Criminal Procedure applicable in adult proceedings, there is no statutory requirement in the revised Kansas Juvenile Justice Code that a court advise a juvenile that he or she has the right to appeal from an order of adjudication or sentencing. See K.S.A. 2018 Supp. 38-2344(b)(1)-(6) (before entering plea, court must inform juvenile of nature of charges, presumption of innocence, right to jury trial without unnecessary delay, right to confront and cross-examine witnesses, right to subpoena witnesses, right not to testify, and sentencing alternatives).

In the absence of such a provision, I.A. urges us to apply the Kansas Code of Criminal Procedure to juvenile proceedings. But the plain language of the Kansas Juvenile Justice Code expressly provides otherwise. The relevant statutes specifically mandate that the procedure for an appeal from an order of adjudication or sentencing is governed by the Kansas Code of Civil Procedure. See K.S.A. 2018 Supp. 38-2380(b); K.S.A. 2018 Supp. 38-2382(c). The statutes within the code of civil procedure address many aspects of an appeal, including when it must be initiated: "When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment." K.S.A. 2018 Supp. 60-2103(a). Although this statute provides a statutory exception to the 30-day timeframe, the exception applies only "upon a showing of excusable neglect" by the party, in which case the deadline may be extended by 30 days); see also *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 120, 260 P.3d 387 (2011) (prohibiting courts from using equitable exceptions to jurisdictional requirements such as the "unique circumstances doctrine"). There have been no facts presented here to establish that I.A. would qualify for an exception to the 30-day deadline under the Kansas Code of Civil Procedure. And even if there were, his remedy would be limited to an extension not exceeding 30 days from expiration of the original time deadline. K.S.A. 2018 Supp. 60-2103(a).

Our conclusion in this regard is supported by the analysis conducted by our Supreme Court in *Guillory v. State*, 285 Kan. 223, 170 P.3d 403 (2007). Guillory pled nolo contendere to first-degree premeditated murder. He was sentenced to life imprisonment. After the time for a direct appeal had run, Guillory filed a pro se motion for relief under K.S.A. 60-1507. The court summarily denied the relief Guillory requested in his motion. Guillory later filed an untimely pro se notice of appeal from the summary denial of his K.S.A. 60-1507 motion. The appellate defender was appointed, and the appeal was docketed.

The Court of Appeals court issued a show cause order asking the parties to explain why the appeal should not be dismissed for lack of jurisdiction given the 60-1507 notice of appeal was not filed within 30 days from the entry of the judgment as required by K.S.A. 60-2103(a). Guillory responded, asserting that his untimely appeal should be permitted as an exception under *Ortiz*, as the district court did not inform him of his right to appeal the decision denying his 60-1507 motion. The Court of Appeals held none of the *Ortiz* exceptions applied and dismissed the appeal. The Supreme Court granted Guillory's petition for review but, like the Court of Appeals, determined it was without jurisdiction to consider the appeal.

"A fatal flaw in Guillory's argument is that the first *Ortiz* exception, excusing an untimely notice of appeal where the defendant was not informed of the right to appeal, was based on the fact that a criminal defendant has a statutory right to be advised of his or her right to a direct appeal. K.S.A. 22-3424(f) requires the sentencing court to inform criminal defendants of the right to appeal. In contrast, there is no statutory requirement that the district court advise a K.S.A. 60-1507 movant of the right to appeal the decision on his or her motion.

"The fundamental fairness principle underlying all three exceptions recognized in *Ortiz* and its progeny is based on the facts that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an

9

attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal.

. . . .

"As far as the filing of a timely notice of appeal is concerned, a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. [Citations omitted.]" *Guillory*, 285 Kan. at 228-29.

In addition to *Guillory*, our conclusion that the first *Ortiz* exception does not apply in a juvenile offender case is also supported by *State v. Hemphill*, 286 Kan. 583, 591, 186 P.3d 777 (2008). In that case, the district court denied Hemphill's postsentence motion to withdraw his no contest pleas. Hemphill filed an untimely appeal from the district court's decision, arguing that he was never informed of his right to appeal from the denial of a motion to withdraw plea and therefore the first *Ortiz* exception should apply to excuse his untimeliness. The Kansas Supreme Court rejected this argument, noting that the district court was under no statutory obligation to inform a defendant of his or her right to appeal the denial of a motion to withdraw plea; thus, the first *Ortiz* exception did not apply in such cases.

"K.S.A. 22-4505(a) requires that a district court inform a defendant of his or her right to appeal *from a conviction* and the right to have counsel appointed if the defendant is indigent; K.S.A. 22-3424(f) states that a district court has a duty *at sentencing* to inform a defendant of the right to appeal from his or her sentence after a jury conviction. There is no similar statutory requirement regarding a post-sentence motion to withdraw a plea." *Hemphill*, 286 Kan. at 591.

Unlike the Kansas Code of Criminal Procedure, nothing within the revised Kansas Juvenile Justice Code requires the court presiding over a juvenile matter to affirmatively advise the juvenile of the statutory right to appeal an adjudication or sentence. The juvenile justice code outlines the juvenile process in detail and contains several cross-references to other statutory provisions, including some in the code of criminal

10

procedure. See K.S.A. 2018 Supp. 38-2330(f) (providing that, in certain circumstances, code of criminal procedure relating to appearance bonds and review of conditions and release shall be applicable to appearance bonds in juvenile proceedings); K.S.A. 2018 Supp. 38-2303(c) (setting time limits to commence juvenile proceedings for any act committed by juvenile which, if committed by adult, would constitute sexually violent crime as defined in K.S.A. 2018 Supp. 22-3717); K.S.A. 2018 Supp. 38-2389(c)(5) (providing that juvenile is not required to register as offender under Kansas Offender Registration Act, K.S.A. 22-4901, as result of adjudication under this section); K.S.A. 2018 Supp. 38-2356(c) (upon finding by court that juvenile committed offense charged but is not responsible because of mental disease or defect, juvenile shall be committed to state hospital and subject to annual review and potential discharge as provided by K.S.A. 2018 Supp. 22-3428a). Had the Legislature intended to incorporate the provisions of K.S.A. 2018 Supp. 22-3424(f) requiring the court to advise a criminal defendant of his or her right to appeal, it would have specifically identified the statute for that purpose. See *State v. Phinney*, 280 Kan. 394, 402, 122 P.3d 356 (2005) (requirement that defendant be fully advised of his or her right to appeal under K.S.A. 22-3424[f] is not limited to defendants who are convicted after trial; same rule applies to defendants who plead guilty and forego trial.)

In sum, the right to appeal is purely statutory and is not contained in the United States or Kansas Constitutions. *Ehrlich*, 286 Kan. 923, Syl. ¶ 2. Our Supreme Court has carved out limited exceptions allowing for an untimely notice of appeal in cases that are governed in district court by the Kansas Code of Criminal Procedure. See *Ortiz*, 230 Kan. at 735-36. But we find no justification to extend the first *Ortiz* exception to an appeal of a juvenile offender proceeding under Chapter 38, which is civil in nature and is governed by article 21 of Chapter 60 of the Kansas Statutes Annotated. See K.S.A. 2018 Supp. 38-2382(c). Because the district court was not required by law to advise I.A. of his statutory right to appeal, I.A. does not qualify for a late appeal under the first *Ortiz* exception and

11

we do not have the necessary jurisdiction to consider the underlying merits of the issue he presents on appeal.

Appeal dismissed.