NOT DESIGNATED FOR PUBLICATION

No. 122,883

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of J.A.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed February 5, 2021. Appeal dismissed.

*Burlon Davis*, legal intern, and *Chadler E. Colgan*, of Colgan Law Firm, LLC, of Kansas City, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: In this direct appeal, J.A. argues that the district court erred in sentencing him as a serious offender I after accepting his no-contest plea and adjudicating him a juvenile offender. J.A. claims that his 36-month sentence to a juvenile correctional facility was too harsh and that the progress he has made while in custody warrants reconsideration of his sentence. As a threshold issue, the State asserts that this court lacks jurisdiction over J.A.'s appeal. For the reasons explained below, we agree with the State and dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2019, under a plea agreement, J.A. pled no contest to one charge of committing acts that, if he were an adult, would constitute aggravated burglary, a

1

severity level 4 person felony. In exchange for the plea, the State dismissed three other cases pending against J.A. The district court accepted J.A.'s plea and adjudicated him to be a juvenile offender.

At the district court's direction, a court services officer completed a presentence investigation (PSI) report on J.A. The PSI report listed several prior juvenile cases involving J.A., including his September 2017 guilty plea to a traffic infraction; his December 2017 adjudication as a juvenile offender for possession of drug paraphernalia; his April 2017 diversion for possession of marijuana and drug paraphernalia; his January 2018 informal supervision for stealing, which was ultimately "unsuccessfully terminated due to non-compliance"; his September 2018 adjudication as a juvenile offender for burglary and theft; his November 2018 adjudication as a juvenile offender for theft; and his January 2019 adjudication as a juvenile offender for possession of drug paraphernalia. The PSI report recommended classifying J.A. as a serious offender I.

At the sentencing hearing on December 10, 2019, the State asked the district court to classify J.A. as a serious offender I and J.A.'s attorney conceded that was the appropriate classification. After hearing from J.A. personally, the district court found that J.A. was a serious offender I and posed a "significant risk of harm to others." The district court ordered J.A. to serve 36 months at a youth correctional facility and complete 12 months of aftercare. The written sentencing order filed two days later similarly reflected that J.A. "poses a significant risk of harm to another or damage to property and meets placement criteria as a:  Serious Offender I." J.A. timely appealed his sentence.

ANALYSIS

J.A. argues that the district court erred by imposing an overly harsh sentence and he asks this court to review his sentence because of his subsequent progress and his accomplishments during his time in the juvenile correctional facility. He contends that

2

such review would serve the interests of justice, comport with fundamental fairness, and support the juvenile justice system's goal of rehabilitation. J.A. also asserts that this court should review his sentence despite the statutory bar on appeals from presumptive juvenile sentences because the district court violated his due process rights when it considered the facts underlying his no contest plea to determine that he posed a significant risk of harm to others, a required finding for his classification as a serious offender I. Finally, J.A. briefly argues that K.S.A. 2019 Supp. 38-2369(a) is unconstitutionally vague because it does not explain what a district court may consider in making that finding, nor does it set forth a process for appellate review of such finding.

As a threshold issue, the State asserts that this court lacks jurisdiction over J.A.'s appeal because juvenile offenders may not appeal from presumptive sentences. In the alternative, the State argues that J.A.'s constitutional arguments are improperly raised for the first time on appeal, they are inadequately briefed, and they fail on their merits.

We first turn to jurisdiction because "[i]f subject matter jurisdiction is in question, that issue needs to be resolved first." See *State v. Huerta*, 291 Kan. 831, 840, 247 P.3d 1043 (2011). "The right to appeal is purely statutory and not a right contained in the United States or Kansas Constitutions. An appellate court has a duty to question jurisdiction on its own initiative. If the record reveals that jurisdiction does not exist, the appeal must be dismissed. [Citations omitted.]" *In re I.A.*, 57 Kan. App. 2d 145, 148, 450 P.3d 347 (2019), *rev. granted* 311 Kan. 1046 (2020).

The revised Kansas Juvenile Justice Code includes a placement matrix for sentencing juvenile offenders whom the district court has found, in writing, to "pose[] a significant risk of harm to another or damage to property." See K.S.A. 2019 Supp. 38-2369(a). A juvenile offender who poses such a risk and who is adjudicated "for an offense which, if committed by an adult, would constitute a nondrug severity level 4, person felony" is considered a "serious offender I." K.S.A. 2019 Supp. 38-2369(a)(2)(A).

3

A district court may commit a serious offender I to a juvenile correctional facility for between 18 and 36 months and order an aftercare term for 6 to 24 months. K.S.A. 2019 Supp. 38-2369(a)(2)(A).

K.S.A. 2019 Supp. 38-2380 identifies the orders from which a juvenile may appeal. It expressly states that "[o]n appeal from a judgment or conviction entered for an offense committed on or after July 1, 1999, the appellate court shall not review: (A) Any sentence that is within the presumptive sentence for the crime." K.S.A. 2019 Supp. 38-2380(b)(2)(A). This court has applied this statute and dismissed for lack of jurisdiction juvenile offenders' appeals from presumptive sentences. See, e.g., *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1009, 1012, 360 P.3d 443 (2015) (noting that a juvenile offender could not appeal the new sentence imposed at a probation violation hearing because it was within the presumptive range set forth in the placement matrix).

To his credit, J.A. acknowledges the statutory bar in K.S.A. 2019 Supp. 38-2380(b)(2)(A) and he admits that the sentence he received is within the presumptive sentence for a serious offender I and that his counsel in the district court conceded he fell into that category. Even so, J.A. summarily contends that "this [c]ourt should and does have authority to review his sentence" because the district court's finding that he posed a significant risk of harm to another, which was required to classify him as a serious offender I, violated his "due process rights."

We find J.A.'s assertion unpersuasive. K.S.A. 2019 Supp. 38-2380(b)(2)(A) provides that for any judgment or conviction entered for a juvenile offense committed on or after July 1, 1999, an appellate court shall not review "[a]ny sentence that is within the presumptive sentence for the crime." This plain and unambiguous language contains no exception for juveniles who assert constitutional infirmities with the sentencing statutes or who seek review of a district court's finding that they pose a significant risk of harm to others or to property.

4

K.S.A. 2019 Supp. 38-2380(b)(2)(A) corresponds to K.S.A. 2019 Supp. 21-6820(c)(1), which prohibits appellate review of an adult offender's sentence for a felony committed after July 1, 1993, if it "is within the presumptive sentence for the crime." And the Kansas Supreme Court has rejected the argument that presumptive sentences may be appealed on constitutional grounds regardless of the statutory prohibition. See *Huerta*, 291 Kan. at 838-41. J.A. provides no pertinent legal authority to support his assertion that the constitutional nature of his claims gives this court appellate jurisdiction despite the plain language of K.S.A. 2019 Supp. 38-2380(b)(2)(A).

In sum, K.S.A. 2019 Supp. 38-2380(b)(2)(A) prohibits appellate courts from reviewing a juvenile offender's presumptive sentence. As J.A. candidly admits, the sentence he received was within the presumptive range for a serious offender I. J.A. has cited no legal authority that supports finding an exception exists because he wishes to bring a constitutional challenge to the statutory definition of serious offender I. Thus, we lack jurisdiction to consider the merits of J.A.'s appeal.

Appeal dismissed.