NOT DESIGNATED FOR PUBLICATION

No. 126,782

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON WADE SCHAEFFER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed October 25, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Jason Wade Schaeffer pleaded guilty to first-degree murder, aggravated kidnapping, aggravated robbery, and unlawful use of a weapon in March 1994. Now, about 30 years after Schaeffer pleaded guilty to those crimes, Schaeffer appeals the district court's summary denial of his K.S.A. 60-1507 motion. According to Schaeffer, his specific allegations of ineffective assistance of counsel entitled him to an evidentiary hearing on whether the district court had jurisdiction to accept his guilty pleas. Nevertheless, Schaeffer's arguments are procedurally barred and unpersuasive.

1

Thus, we affirm the district court's summary denial of Schaeffer's K.S.A. 60-1507 motion.

FACTS

Before Schaeffer turned 16 years old, Schaeffer had been adjudicated for three motor vehicle thefts—a 1989 theft in Ford County, Kansas, a 1991 theft in Geary County, Kansas, and a 1992 theft in Lyon County, Kansas. Each motor vehicle theft was a class E felony. See *In re Schaffer*, No. 120,630, 2019 WL 4123491, at *1, 6. (Kan. App. 2019) (unpublished opinion) (analyzing Schaeffer's argument that he should be allowed to appeal his 1989 Ford County adjudication for motor vehicle theft out of time); *In re J.S.*, No. 121,485, 2020 WL 3116496, at *1-2 (Kan. App. 2020) (unpublished opinion) (analyzing Schaeffer's argument that he should be allowed to appeal his 1991 Geary County adjudication for motor vehicle theft out of time); and *In re J.S.*, No. 123,669, 2022 WL 569748, at *1 (Kan. App. 2022) (unpublished opinion) (analyzing Schaeffer's argument that he should be allowed to appeal his 1992 Lyon County adjudication for motor vehicle theft out of time as well as his argument that he should be allowed to withdraw his stipulation to this adjudication).

On March 2, 1993, the State charged Schaeffer with first-degree murder, aggravated kidnapping, aggravated robbery, and unlawful use of a weapon. In its complaint and supporting affidavit, the State alleged that in the early morning hours of March 1, 1993, Schaeffer used a sawed-off shotgun to kidnap, rob, and murder Timothy Riley in a rural part of Shawnee County, Kansas. Law enforcement arrested Schaeffer, who was still driving Riley's car, within hours of Riley's murder. Afterwards, Schaeffer voluntarily confessed to forcing Riley into the trunk of his car, driving Riley's car to a rural area, and murdering Riley. See *State v. Schaeffer*, 295 Kan. 872, 873-74, 286 P.3d 889 (2012).

When the State charged Schaeffer with first-degree murder, the State's attorney filed an affidavit explaining that the State was prosecuting Schaeffer as an adult. Because Schaeffer was 16 years old as of Riley's murder, Schaeffer was a juvenile under K.S.A. 1991 Supp. 38-1602(a) of the Kansas Juvenile Offenders Code, which has since been revised as the Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq.

Under the Kansas Juvenile Offenders Code, a "juvenile" was "a person 10 or more years of age but less than 18 years of age." K.S.A. 1991 Supp. 38-1602(a). In the affidavit, the State's attorney asserted that Schaeffer was no longer protected by the Code because K.S.A. 1991 Supp. 38-1602(b)(3) provided that a "juvenile offender" did not include the following:

> "[A] person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

Schaeffer's previous adjudications for motor vehicle theft in Ford County, Geary County, and Lyon County constituted as adult felonies. So, in the affidavit, the State's attorney explained that the State must prosecute Schaeffer as an adult because Schaeffer was no longer a juvenile offender under the Code.

In March 1994, Schaeffer pleaded guilty to first-degree murder, aggravated kidnapping, aggravated robbery, and unlawful use of a weapon as charged by the State. During his guilty plea hearing, the district court asked Schaeffer whether he "'stipulate[d]' and 'agree[d]'" to the State's charges against him as alleged in the State's complaint and supporting affidavit. Schaeffer responded, "Yes." The district court further found that Schaeffer freely, voluntarily, and intelligently pleaded guilty to the State's charges upon "the advi[c]e and counsel of a competent lawyer with whom [he was] satisfied."

3

Significantly, during the hearing, Schaeffer's counsel stressed that Schaeffer was "entering the plea only because the feds [had] agreed not to file charges, and that [was] part and parcel of the plea bargain." Evidence indicates that the federal government had considered pursuing the death penalty against Schaeffer for his crimes involving Riley's murder.

In the end, the district court sentenced Schaeffer to a controlling term of lifetime imprisonment. For the first-degree murder of Riley and the aggravated kidnapping of Riley, it sentenced Schaeffer to life imprisonment. For the aggravated robbery of Riley, it sentenced Schaeffer to 15 years to life imprisonment. For Schaeffer's unlawful use of a weapon conviction, it sentenced Schaeffer to 1 to 5 years' imprisonment. Also, the district court ordered each of Schaeffer's sentences to run consecutive.

In October 2012, although Schaeffer's direct appeal was untimely, our Supreme Court reviewed Schaeffer's sentencing arguments out of time under *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). *Schaeffer*, 295 Kan. at 872. In his direct appeal, Schaeffer argued that our Supreme Court should vacate his sentences and remand to the district court for resentencing because the district court judge who sentenced him made inappropriate comments that demonstrated an actual bias against him. 295 Kan. at 875-76. Although our Supreme Court agreed that the judge made inappropriate comments, it rejected Schaeffer's resentencing request because Schaeffer failed to prove "actual bias or prejudice warrant[ed] setting aside his sentences." 295 Kan. at 876.

In March 2019, a panel of this court considered Schaeffer's appeal from the Shawnee County District Court's summary denial of Schaeffer's K.S.A. 60-1507 motion arguing ineffective assistance of counsel who represented him at his guilty plea hearing and sentencing hearing for his crimes involving Riley's murder. *Schaeffer v. State*, No. 119,345, 2019 WL 1413823, at *1 (Kan. App. 2019) (unpublished opinion). On appeal, Schaeffer criticized his counsel's failure to ask for a competency evaluation and

failure to object to the district court judge's inappropriate comments at his sentencing hearing. 2019 WL 1413823, at *1. But the panel affirmed the district court's denial of Schaeffer's competency evaluation argument because nothing in the record suggested that Schaeffer was "'unable to understand the nature and purpose of the proceedings against him.'" 2019 WL 1413823, at *1. Regarding Schaeffer's argument that counsel should have objected to the district court judge's improper comments when sentencing him, the panel concluded that Schaeffer could never establish prejudice: "Even assuming defense counsel was ineffective for failing to object to the comments, given our Supreme Court's finding that there was no actual prejudice [in his direct appeal], Schaeffer cannot prove the second prong of the ineffective assistance of counsel test." 2019 WL 1413823, at *3.

About five months later, in August 2019, a panel of this court considered another appeal from Schaeffer following the district court's summary denial of his pro se filings. After liberally construing Schaeffer's pro se filings, the panel determined that Schaeffer was trying to file an untimely notice of appeal of his 1989 Ford County motor vehicle theft adjudication. *In re Schaffer*, 2019 WL 4123491, at *4-5. Schaeffer complained that the defense counsel who represented him at this adjudication failed to appeal his adjudication upon his request. Likewise, he argued that the district court failed to follow the proper procedures during his admission to the motor vehicle theft as alleged in the State's complaint. 2019 WL 4123491, at *5. He argued that his counsel's and the district court's conduct violated his rights under K.S.A. 38-1633(b) and (c) (Ensley 1986) of the Code. 2019 WL 4123491, at *2.

While considering Schaeffer's argument, the panel analyzed our Supreme Court's decision, *Albright v. State*, 292 Kan. 193, 211-12, 251 P.3d 52 (2011), which held that counsel who failed to timely appeal the district court's decision upon a movant's request was ineffective. Relying on this precedent, the panel reversed and remanded to the district court to determine "whether the district court should allow Schaffer to file an untimely notice of appeal of his Ford County juvenile offender adjudication of theft,

5

based on ineffective assistance of counsel." 2019 WL 4123491, at *5. The panel concluded that the district court should allow Schaeffer to appeal out of time if Schaeffer could "show that his failure to file a timely notice of appeal in his juvenile offender proceeding was caused by ineffective assistance of counsel." 2019 WL 4123491, at *6.

Although it is unclear from the record on appeal whether the district court followed the panel's direction on remand, the district court eventually entered an order vacating Schaeffer's adjudication, allowing Schaeffer to withdraw his admission, and dismissing the State's complaint charging him as a juvenile for motor vehicle theft in Ford County in 1989.

A little less than a year later, in June 2020, a panel of this court considered Schaeffer's appeal from the district court's dismissal of his pro se motion to appeal his adjudication for his 1991 Geary County motor vehicle theft out of time. *In re J.S.*, 2020 WL 3116496, at *1. In this motion, Schaeffer alleged that counsel who represented him at this adjudication was ineffective for failing to directly appeal his adjudication or tell him about his right to appeal his adjudication contrary to K.S.A. 38-1633 (Ensley 1986). 2020 WL 3116496, at *1. Similarly, he argued that "the district court failed to notify him of his rights under K.S.A. 38-1633 (Ensley 1986), and therefore, his adjudication [could not] stand." 2020 WL 3116496, at *1.

Yet, the panel affirmed the district court's ruling that it lacked jurisdiction to consider Schaeffer's motion. 2020 WL 3116496, at *2-4. In doing so, it discussed our Supreme Court's decision *Ortiz*. *In re J.S.*, 2020 WL 3116496, at *2; see *Ortiz*, 230 Kan. at 735-36. In *Ortiz*, our Supreme Court explained that the court may allow a criminal defendant to file an appeal out of time if the defendant proves that he or she was not informed of that right. After discussing the *Ortiz* decision, it then rejected Schaeffer's argument by relying on another panel's recent decision—*In re I.A.*, 57 Kan. App. 2d 145, 450 P.3d 347 (2019), which was on review before our Supreme Court at that time. *In re*

*J.S.*, 2020 WL 3116496, at *2. In *In re J.S.*, the panel explained how the *In re I.A.* panel dismissed I.A.'s "appeal for lack of jurisdiction, holding that the first *Ortiz* exception only applies when a statute affirmatively requires the district court inform a defendant of his or her right to appeal and that the Kansas Juvenile Justice Code lacks such a provision." See *In re J.S.*, 2020 WL 3116496, at *2. Relying on *In re I.A.*, the panel affirmed the district court's summary dismissal of Schaeffer's untimely notice of appeal for lack of jurisdiction because contrary to Schaeffer's arguments, Schaeffer had no statutory right under K.S.A. 38-1633 (Ensley 1986) requiring his counsel or the district court to advise him of his ability to appeal his adjudication. *In re J.S.*, 2020 WL 3116496, at *4.

Next, in February 2022, a panel of this court considered Schaeffer's appeal from the district court's denial of Schaeffer's motion to appeal his adjudication out of time as well as his motion to withdraw his admission to the 1992 Lyon County motor vehicle theft. *In re J.S.*, 2022 WL 569748, at *1. As with his previous appeals, Schaeffer alleged that counsel who represented him was ineffective for failing to directly appeal his adjudication or tell him about his right to appeal his adjudication. He also argued that the district court erred by failing to advise him about his appeal rights. 2022 WL 569748, at *3. But the panel ruled that neither Schaeffer's counsel nor the district court erred because our Supreme Court had recently reviewed this court's *In re I.A.* decision and rejected Schaeffer's exact argument. See *In re I.A.*, 313 Kan. 803, 491 P.3d 1241 (2021). In *In re I.A.*, while analyzing K.S.A. 1998 Supp. 38-1633(b) and (c), our Supreme Court explained that the Kansas Juvenile Offenders Code contained no language requiring the district court to tell a juvenile offender about his or her right to appeal. 313 Kan. at 811. For this reason, our Supreme Court held that a district court could not violate a juvenile offender's statutory or constitutional rights by failing to tell a juvenile offender about appeal rights. In essence, it held that there were no statutory or constitutional rights for the district court or Schaeffer's counsel to violate. 313 Kan. at 814.

7

The panel also rejected Schaeffer's argument about withdrawing his admission to the 1992 Lyon County motor vehicle theft. The panel stressed that for it to have jurisdiction over Schaeffer's appeal, Schaeffer needed to prove that his failure to timely move to withdraw his admission to his adjudication resulted from excusable neglect. Because Schaeffer never established excusable neglect, though, the panel determined that the district court correctly ruled that the motion was procedurally barred. *In re J.S.*, 2022 WL 569748, at *4.

About 14 months later, in April 2023, Schaeffer filed a pro se motion for relief under K.S.A. 60-1507 with the Shawnee County District Court. Schaeffer argued that the district court "lacked jurisdiction to convict, sentence, and accept [his guilty pleas]" for his crimes involving Riley's murder. Thus, he argued that counsel who represented him at his guilty plea hearing and at his sentencing hearing was ineffective for failing to challenge the district court's lack of jurisdiction. Likewise, he argued that his appellate counsel in his direct appeal to our Supreme Court and his appellate counsel in his March 2019 appeal to this court were ineffective for failing to challenge the district court's jurisdiction.

In his memorandum supporting his pro se K.S.A. 60-1507 motion, Schaeffer explained why he believed that the Shawnee County District Court lacked jurisdiction to accept his guilty pleas for his crimes involving Riley's murder. In short, Schaeffer argued that the State had to prosecute him as a juvenile because he was a juvenile under K.S.A. 1991 Supp. 38-1602(a)'s definition of juvenile. In summary, because he was 16 years old when he committed his crime, Schaeffer argued that the district court lacked jurisdiction over the State's prosecution of him as an adult.

While making his argument, Schaeffer recognized that when the State prosecuted him for his crimes involving Riley's murder, the State relied on K.S.A. 1991 Supp. 38-1602(b)(3) to charge him as an adult based on his 1989 Ford County, 1991 Geary

8

County, and 1992 Lyon County adjudications for motor vehicle theft. Even so, he argued that the district courts that presided over those adjudications and the attorneys who represented him at those adjudications violated the plain language of K.S.A. 38-1633(b) and (c) (Ensley 1986) about what rights he was waiving as a juvenile offender who was admitting to an allegation within the State's complaint.

In his K.S.A. 60-1507 motion, although Schaeffer never explained why his 1989 Ford County adjudication for motor vehicle theft was dismissed, Schaeffer emphasized the district court's dismissal of this adjudication upon remand from this court's August 2019 decision. As for his 1991 Geary County and 1992 Lyon County motor vehicle theft adjudications, Schaeffer asserted that despite his unsuccessful appeals trying to dismiss those adjudications, "the records clearly show[ed] that K.S.A. 38-1633(b) and K.S.A. 33-1633(c) were not followed" in those cases. Schaeffer asserted that because he did not understand the consequences of his admissions to the adjudications, his admissions were invalid because his admissions were not knowingly made. Relying on this contention, Schaeffer concluded that the district court erred when it accepted his admission to motor vehicle theft in both Geary County and Lyon County.

As a result, Schaeffer argued that the attorneys who represented him at the Geary County and Lyon County motor vehicle theft adjudications were ineffective for not objecting to the district court's violation of K.S.A. 38-1633(b) and (c) (Ensley 1986) in those cases. As for his crimes involving Riley's murder, he argued that the following attorneys were ineffective for not challenging the validity of his 1991 Geary County and 1992 Lyon County adjudications:  (1) the attorney who represented him at his plea and sentencing hearings; (2) the attorney who represented him in his direct appeal to our Supreme Court; and (3) the attorney who represented him in his March 2019 appeal from the summary denial of his K.S.A. 60-1507 motion to this court. According to Schaeffer, if the attorneys who represented him for his crimes involving Riley's murder had "properly investigated the courting [*sic*] jurisdiction by reviewing [his] juvenile

9

adjudications as well as the laws and statu[t]es before [his] plea was taken, [he] may not have been convicted as an adult." In making his arguments, Schaeffer conceded that his motion was successive under K.S.A. 2023 Supp. 60-1507(c) and untimely under K.S.A. 2023 Supp. 60-1507(f)(1).

Of note, K.S.A. 2023 Supp. 60-1507(c) stated that the "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." "Absent a showing of exceptional circumstances, the court can dismiss a second or successive motion as an abuse of remedy. [Citation omitted.]" *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Exceptional circumstances exist when there are unusual events or an intervening change in law that prevented the movant from raising an argument in his or her previous K.S.A. 60-1507 motions. 291 Kan. at 872. Meanwhile, K.S.A. 2023 Supp. 60-1507(f)(1)(A) stated that a movant seeking relief must do so within one year of the "final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Subsection (f)(2) explained that the district court may extend this one-year time limitation only if it finds that the extension is necessary to prevent "manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(2). Also, subsection (f)(2)(A) explains that the district court's "manifest injustice" inquiry must be limited to why the motion was untimely and whether the movant "makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Although Schaeffer recognized that his motion was successive and untimely as provided under K.S.A. 2023 Supp. 60-1507(c) and (f)(1), respectively, he asserted that the district court should consider his motion anyway. Again, in March 2019, this court considered Schaeffer's appeal from the Shawnee County District Court's summary denial of his K.S.A. 60-1507 motion, which Schaeffer filed sometime in 2015. *Schaeffer*, 2019 WL 1413823, at *1. Even so, in his current K.S.A. 60-1507 motion, Schaeffer argued that

10

the district court should consider his successive and untimely motion because there was "[n]ew [e]vidence" and "unusual[] events."

In his supporting memorandum, Schaeffer attempted to clarify this argument. Schaeffer's argument largely hinged on the district court having vacated his adjudication and dismissing the State's complaint charging him for motor vehicle theft in Ford County in 1989. Schaeffer alleged that "[n]ew evidence that was not part of the original record" proved that his adjudication*s* were unconstitutional. Schaeffer concluded that the Shawnee County District Court should consider his successive and untimely K.S.A. 60-1507 motion because the dismissal of his 1989 Ford County motor vehicle theft adjudication was an "unforeseeable change . . . in the circumstances of his case." He also argued that his counsels' failure to raise the preceding problems, in and of itself, required the district court to consider his successive and untimely motion.

So, in his April 2023 K.S.A. 60-1507 motion and supporting memorandum, Schaeffer asserted that counsel should have investigated how and why the State was prosecuting him as an adult for the crimes involving Riley's murder. He argued that by not objecting to the State prosecuting him as an adult, his counsel allowed the Shawnee County District Court to exercise jurisdiction over him as an adult instead of as a juvenile. And he ultimately asked the district court to let him withdraw his guilty pleas to the first-degree murder of Riley and related crimes and then vacate those sentences because the Shawnee County District Court lacked jurisdiction over the State's prosecution of him as an adult.

But the district court summarily denied Schaeffer's K.S.A. 60-1507 motion. It pointed out that it had already denied Schaeffer's initial K.S.A. 60-1507 motion as addressed in his March 2019 appeal to this court. The court explained that it found no evidence of manifest injustice throughout Schaeffer's filings and the entire record. It explained that although Schaeffer pleaded that there was new evidence and unusual

11

circumstances constituted manifest injustice allowing him to file his untimely motion, those assertions were conclusory. It found that Schaeffer's underlying claims about jurisdiction and ineffective assistance of counsel were neither new evidence nor unusual circumstances. As a result, it determined that Schaeffer's motion was "procedurally barred." Alternatively, the district court ruled that even if Schaeffer had established manifest injustice requiring it to consider his untimely K.S.A. 60-1507 motion, Schaeffer's motion was successive. It specifically found that Schaeffer never proved exceptional circumstances requiring it to consider his successive K.S.A. 60-1507 motion.

Schaeffer timely appeals the summary denial of his K.S.A. 60-1507 motion.

ANALYSIS

Schaeffer's appeal hinges on our interpretation and application of K.S.A. 2023 Supp. 60-1507, K.S.A. 1991 Supp. 38-1602, and K.S.A. 38-1633 (Ensley 1986).

In relevant part, K.S.A. 2023 Supp. 60-1507(a) states:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence."

In this case, it is undisputed that Schaeffer's current K.S.A. 60-1507 motion is untimely. He "concede[s]" that he motioned the district court for relief under K.S.A. 2023 Supp. 60-1507 more than one year after our Supreme Court affirmed his sentences in his 2012 direct appeal. Subsection (f)(1)(A)'s plain language required him to motion the

12

district court for relief under K.S.A. 2023 Supp. 60-1507 within one year of our Supreme Court exercising its jurisdiction in his direct appeal or the termination of appellate jurisdiction. Hence, Schaeffer has always argued that consideration of his K.S.A. 60-1507 motion is necessary to prevent "manifest injustice" as described in K.S.A. 2023 Supp. 60-1507(f)(2). Subsection (f)(2)(A) provides that the court must limit its inquiry about extending the one-year deadline to "why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). Schaeffer has never alleged actual innocence. Also, as previously mentioned, our Supreme Court defines manifest injustice as something that is obviously unfair and shocking to the conscience. *Kelly*, 291 Kan. at 873.

Under K.S.A. 2023 Supp. 60-1507(c), "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." "To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances. [Citation omitted.]" *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). Our Supreme Court has defined exceptional circumstances as unusual events or changes in law that prevented the prisoner from raising his or her complaint in a previous K.S.A. 60-1507 motion. 308 Kan. at 304.

Meanwhile, K.S.A. 1991 Supp. 38-1602(b) limits who constitutes a juvenile offender under the Kansas Juvenile Offender Code. K.S.A. 1991 Supp. 38-1602(b)(3) states that a juvenile who has been "charged with a felony or with more than one offense of which one or more is a felony *after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult*" before committing another crime must be prosecuted as an adult. (Emphasis added.) The Kansas Juvenile Offender Code explicitly states that juvenile offenders with two previous adjudications that would have constituted felonies if

13

committed by an adult are no longer protected by the Code. Rather, such juvenile offenders must be prosecuted as adults should they commit a new crime. As for K.S.A. 38-1633 (Ensley 1986) subsections (b) and (c), those subsections discuss what procedures that the district court and counsel must follow when a juvenile offender admits, stipulates, or pleads no contest to the allegations listed in the State's complaint.

Schaeffer asserts that his motion and supporting memorandum "set forth a jurisdictionally based meritorious claim, which [could not] be denied on procedural limitations for postconviction." Schaeffer believes that the district court should have held an evidentiary hearing on his K.S.A. 60-1507 motion for two reasons: (1) because jurisdictional errors may be corrected by a court whenever those errors are discovered, and (2) because the district court lacked jurisdiction to convict and sentence him as an adult under K.S.A. 1991 Supp. 38-1602(b)(3) for crimes related to the first-degree murder of Riley. He contends that because he set "forth a prima facie case for lack of jurisdiction" in his K.S.A. 60-1507 motion, the district court should have appointed him counsel and held an evidentiary hearing on his motion. Also, he indicates that exceptional circumstances existed based on this same "new evidence and unusual events." He contends that his counsel before the district court and on appeal were ineffective for not challenging the legality of his motor vehicle theft adjudications under K.S.A. 38-1633(b) and (c) (Ensley 1986).

In response, the State asserts that we should affirm the district court's summary denial of Schaeffer's K.S.A. 60-1507 motion as untimely and successive. It asserts that Schaeffer presented no new evidence to support his requests for relief. Instead, Schaeffer's arguments are conclusory and rely on misinterpreting K.S.A. 38-1633 (Ensley 1986). It points out that although Schaeffer emphasizes that his 1989 Ford County adjudication for motor vehicle theft was vacated, Schaeffer ignores that nothing in the order explains why the district court vacated his adjudication. It asserts that in challenging the district court's compliance with K.S.A. 38-1633 (Ensley 1986), Schaeffer

14

essentially repeats arguments he made to our court in his previous appeals. It stresses that Schaeffer's June 2020 appeal seeking to overturn his 1991 Geary County adjudication and his February 2022 appeal seeking to overturn his 1992 Lyon County adjudications failed. In other words, the State argues that Schaeffer's 1991 Geary County and 1992 Lyon County adjudications for motor vehicle theft remain part of Schaeffer's criminal history.

We exercise unlimited review over issues involving jurisdiction, statutory interpretation, and the summary denial of K.S.A. 60-1507 motions. *Beauclair*, 308 Kan. at 293 (holding that an appellate court has unlimited review over the summary denial of a K.S.A. 60-1507 motion); see also *Mundy v. State*, 307 Kan. 280, 287, 408 P.3d 965 (2018) (holding that an appellate court has unlimited review over issues involving jurisdiction and statutory interpretation). Additionally, when considering the summary denial of a K.S.A. 60-1507 motion, we "must determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief." *Beauclair*, 308 Kan. at 293. Overall, the State's arguments are persuasive.

To begin with, there are jurisdictional issues with Schaeffer's K.S.A. 60-1507 motion. But they are not the jurisdictional issues that Schaeffer raises about being prosecuted as an adult. Rather, the jurisdictional issues concern the district court's and our court's jurisdiction to consider Schaeffer's current K.S.A. 60-1507 motion.

Again, Schaeffer argues that "his [motion] and supporting memorandum set forth a jurisdictionally based meritorious claim, which [could not] be denied on procedural limitations for postconviction." He also argues that he deserves a "meaningful opportunity to present his jurisdictional claims, notwithstanding the statutory strictures placed on habeas corpus actions by the Kansas Legislature." Yet, as just noted jurisdictional issues are questions of law over which we have unlimited review. *Mundy*, 307 Kan. at 287. So, if the motion, files, and records before the district court conclusively

15

established that it lacked jurisdiction to consider Schaeffer's untimely K.S.A. 60-1507 motion, the district court had unlimited review to answer any potential jurisdiction issue.

As for Schaeffer's related contention that he deserves "a meaningful opportunity to present his jurisdictional claims" regardless of the plain language of K.S.A. 60-1507, this contention ignores our rules of statutory interpretation. The most important rule of statutory interpretation is that the intent of our Legislature controls how we apply disputed statutory language if our Legislature's intent is evident under the disputed statute's plain language. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). Schaeffer has included no argument why we should ignore our most important rule of statutory interpretation. Thus, we decline to do so. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Next, even if we ignored the preceding problems with Schaeffer's arguments, Schaeffer's argument why justice requires consideration of his untimely K.S.A. 60-1507 motion is conclusory. A K.S.A. 60-1507 "movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). Plainly, Schaeffer's assertion that it would be manifestly unjust not to consider his untimely K.S.A. 60-1507 motion because there was "new evidence and unusual events" is conclusory and without evidentiary support.

Most importantly, Schaeffer's manifest injustice arguments contradict the plain language of K.S.A. 1991 Supp. 38-1602(b)(3). In his August 2019 appeal to this court challenging his 1989 Ford County motor vehicle theft adjudication, this court reversed the district court's summary denial of Schaeffer's K.S.A. 60-1507 motion because the district court misconstrued Schaeffer's pro se motion. *In re Schaffer*, 2019 WL 4123491, at *5-6. Then, on remand to the district court, the district court vacated Schaeffer's sentence, reversed his adjudication, and ordered the State to dismiss its complaint against

Schaeffer. Although it is unclear why the district court decided to dismiss the State's 1989 Ford County complaint on remand, in his brief, Schaeffer suggests that the district court did so because his "adjudications are constitutionally invalid on due process grounds." *Nothing in Schaeffer's motion, Schaeffer's supporting memorandum, or Schaeffer's record on appeal addresses the exact reason why the district court dismissed the State's complaint against him.* Certainly, the district court never said that it was dismissing the State's 1989 Ford County complaint for motor vehicle theft against Schaeffer because Schaeffer's due process rights had been violated.

As for Schaeffer's other adjudications, we dismissed Schaeffer's appeal from the 1991 Geary County adjudication for lack of jurisdiction. *In re J.S.*, 2020 WL 3116496, at *1. Then, we affirmed the district court's denial of Schaeffer's motion to appeal his 1992 Lyon County motor vehicle theft out of time as well as the district court's denial of Schaeffer's motion to withdraw plea. 2022 WL 569748, at *4. In a nutshell, Schaeffer's argument ignores that although he appealed his Ford County, Geary County, and Lyon County adjudications to this court, only Schaeffer's 1989 Ford County motor vehicle theft adjudication was vacated and dismissed. Thus, Schaeffer's 1991 Geary County and 1992 Lyon County adjudications for motor vehicle theft remain part of Schaeffer's criminal history.

Under K.S.A. 1991 Supp. 38-1602(b)(3) of the Kansas Juvenile Offenders Code, the State *must* prosecute a juvenile as an adult once that juvenile has "been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged." Under the plain language of K.S.A. 1991 Supp. 38-1602(b)(3), the State's attorney does not have the discretion to prosecute this person as a juvenile under the Code. Here, because Schaeffer's 1991 Geary County and his 1992 Lyon County adjudications for motor vehicle theft remain part of Schaeffer's criminal history, the district court's reversal of Schaeffer's 1989 adjudication for motor

17

vehicle theft in Ford County is irrelevant. Because Schaeffer's 1991 Geary County motor vehicle theft adjudication and 1992 Lyon County motor vehicle theft adjudication remain part of Schaeffer's criminal history, under K.S.A. 1991 Supp. 38-1602(b)(3), the State's attorney would still have to prosecute Schaeffer as an adult for his crimes against Riley.

For this same reason, it necessarily follows that Schaeffer's ineffective assistance of counsel arguments fail. Under K.S.A. 1991 Supp. 38-1602(b)(3), the State had to prosecute Schaeffer as an adult because Schaeffer no longer constituted a juvenile offender under the Code. Thus, as it concerns the crimes involving Riley's murder, neither Schaeffer's counsel who represented him before the district court nor Schaeffer's counsel who represented him in his direct appeal to our Supreme Court were ineffective for failing to object to the State's obligatory requirement to prosecute Schaeffer as an adult under K.S.A. 1991 Supp. 38-1602(b)(3). For this same reason, the district court had jurisdiction to accept Schaeffer's guilty pleas as an adult offender and to sentence Schaeffer for his crimes as an adult offender.

Next, we also affirm the district court's ruling that Schaeffer's K.S.A. 60-1507 motion was successive in violation of K.S.A. 2023 Supp. 60-1507(c). As explained already, Schaeffer has filed many postconviction motions. This includes his March 2019 appeal of the Shawnee County District Court's summary denial of his K.S.A. 60-1507 motion arguing that his counsel at his guilty plea hearing and sentencing hearing for his crimes related to Riley's murder was ineffective. *Schaeffer*, 2019 WL 1413823, at *1, 3. So, in this case, Schaeffer has already motioned the Shawnee County District Court for relief under K.S.A. 2023 Supp. 60-1507 while alleging ineffective assistance of counsel. As a result, unless Schaeffer established exceptional circumstances to file his successive motion before the Shawnee County District Court, the district court did not err by summarily denying Schaeffer's K.S.A. 60-1507 motion as successive. *Kelly*, 291 Kan. at 872 (holding that absent a showing of exceptional circumstances a court may dismiss a successive motion as an abuse of remedy).

18

But Schaeffer has not established exceptional circumstances. Indeed, Schaeffer has inadequately briefed this issue on appeal. Within the analysis of his brief, Schaeffer references the term "exceptional circumstances" once. And he does so while arguing that it would be manifestly unjust to deny his motion as untimely. Within the analysis section on successiveness, Schaeffer never even mentions the term exceptional circumstances. Simply put, because Schaeffer's current K.S.A. 60-1507 motion is successive, Schaeffer's failure to argue exceptional circumstances is fatal to his appeal. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (holding that we deem issues inadequately briefed waived and abandoned).

Also, as already outlined in detail, Schaeffer's assertion that "new evidence and unusual events" existed because the district court vacated and then dismissed his 1989 Ford County motor vehicle theft adjudication is unpersuasive. Our Supreme Court has already rejected Schaeffer's argument that the district court and his counsel had to tell him about his adjudication appeal rights because K.S.A. 38-1633(b) and (c) (Ensley 1986) of the Kansas Juvenile Offender Code contained no such requirement. *In re I.A.*, 313 Kan. at 814. Thus, even if Schaeffer's K.S.A. 60-1507 motion in this case was not successive, our Supreme Court has already rejected Schaeffer's argument that his previous attorneys were ineffective for violating K.S.A. 38-1633(b) and (c) (Ensley 1986) by not telling him about his appeal rights. So, Schaeffer's underlying claims of ineffective assistance of counsel are baseless.

In any case, we affirm the district court summary denial of Schaeffer's K.S.A. 60-1507 motion as untimely and successive.

Affirmed.